UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.   Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

*Defendant.*

---

### DEFENDANT'S MOTION TO CONTINUE TRIAL, DECLARE CASE COMPLEX, AND RESET PRETRIAL DEADLINES

---

Comes the defendant, Howard Keith Hall, by counsel, pursuant to 18 U.S.C. § 3161(h)(7)(A), and moves the Court for a continuance of the trial presently scheduled for July 14, 2025, and to declare the case complex. The defendant submits that a continuance is necessary to serve the ends of justice, and further submits that the interest of the public and the defendant in a speedy trial is outweighed by other factors addressed herein below which necessitate a continuance. *See* 18 U.S.C. § 3161(h)(7)(A).

The defendant suggests that a conference call with the Court would be appropriate before setting a new trial date so that the Court can be better informed concerning a realistic date for trial readiness.

The defendant further moves the Court for an extension to and including August 15, 2025, to file pretrial defensive motions.

The defendant has executed a waiver of his rights pursuant to the Speedy Trial Act which is attached hereto as Exhibit A.

In further support of this motion, the defendant states as follows:

1. Judge Howard Keith Hall is charged in a three-count indictment. Judge Hall is charged with an alleged scheme extending nearly ten years—from October 2010 to May 2020—which purportedly concluded some five years ago. The charged scheme alleges that Judge Hall, while County Attorney of Pike County (a position he held for 24 years), submitted false payroll certifications for an assistant county attorney, identified only as "Attorney A," who allegedly "performed almost no work" for the Pike County Attorney's Office. This allegedly permitted Attorney A to receive compensation and benefits without providing services as an assistant county attorney. The indictment further alleges that Judge Hall "claimed to . . . participate in the private practice of law at Attorney A's law firm," and, as a result, received "distributions" from the law firm between October 2011 and October 2020. (DE #1 at ¶s 11-14). As a result of this alleged "scheme," Judge Hall is charged with two counts of mail fraud, in violation of 18 U.S.C. § 1341, related to mailing "Payroll Certifications" in April and May 2020 (Counts 1 and 2), and one count of federal program misappropriation, in violation of 18 U.S.C. § 666(a)(1)(A), between May 2019 and April 2020 (Count 3).

2. The indictment was returned on April 17, 2025. (DE #1). Judge Hall appeared on a criminal summons for arraignment on May 16, 2025. (DE #18). At that time the Court set the case for trial on July 14, 2025. The defendant is on pretrial release. *See* DE #9, 10.

3. The undersigned counsel has significant conflicts that will make it impossible to be prepared for trial by July 14, 2025, and for some time thereafter, as follows:

(a) *United States v. Jason C. Ocean,* U.S. District Court for the Eastern District of Kentucky. This is a complex 25-count indictment involving Mr. Ocean and a co-defendant, charging health care fraud and money laundering (Ocean being charged in 19 counts). This case is set for trial in this Court beginning August 19, 2025. It involves several hundred gigabytes of discovery amounting to several millions pages of data. This case alone will make it impossible for counsel to prepare for trial in Judge Hall's case by July 14.

(b) *Commonwealth v. Jeremy Dale,* Nelson County Circuit Court. This is a six-count indictment involving felonies that has been long-scheduled for trial beginning on June 23, 2025. Counsel believes this case has been resolved, but the defendant has not yet appeared for re-arraignment and the Nelson Circuit Court has, therefore, not yet accepted the agreed terms of resolution.

(c) The undersigned counsel is scheduled to be out of the office on a family vacation June 13-22, 2025. This travel has been scheduled for many months and involves the plans of others who will be traveling with the undersigned.

4. The government has produced the first tranche of discovery in this matter consisting of 31,178 pages and approximately 3,800 separate documents. In addition, the initial discovery includes several videos (some yet to be produced). This production ***does not*** include any 302s, witness statements, or grand jury testimony.

5. Given the nature of the charges—particularly the extensive, ten-year time-period of the conduct at issue—counsel anticipates that it will take substantial time to review and analyze the voluminous discovery, interview necessary witnesses, develop the defense strategy, and ultimately prepare for trial.

3

6. The alleged conduct in this case spams an extra-ordinarily long period of time—from October 2010 to May 2020.  Courts have considered the time-frame of an indictment in concluding that such is a factor meriting a declaration that the case is complex.  *See, e.g., United States v. Williams,* 750 F. Supp. 3d 805, 811 (W.D. Ky. 2024) (16-month time-period of conspiracy a factor in granting government's request to declare case complex).  But in this case, there are even more compelling circumstances.  Not only does the indictment purport to address conduct covering a ***ten-year period***, it is now ***fifteen*** years since that time-period commenced and nearly ***five*** years since it ended.  Thus, to defend this case, Judge Hall will need to recall and address events—including finding documents and witnesses related to those events—that are as much as fifteen years old.  This is a highly unusual burden to place upon a citizen charged with a crime and is sufficient to declare the case "complex."  *See United States v. Strong,* Criminal No. 3:17-CR-68, 2018 U.S. Dist. LEXIS 16190, *6 (W.D. Ky. Jan. 31, 2018) (finding nine-month time-period of the alleged conspiracy and counsel's anticipation of "substantial discovery" enough to declare case complex).  The age and long time frame of the conduct alleged places an unusual burden on counsel in investigating and preparing a defense.

7. Given the time which will be necessary to understand the government's proof, investigate the case, interview potential witnesses, marshal defense evidence, and generally prepare for trial, the defendant submits that it would constitute a miscarriage of justice for the trial of this action to go forward on July 14, 2025.  *See* 18 U.S.C. § 3161(h)(7)(B)(i).  Moreover, the defendant submits that this case is sufficiently unusual or complex due to the nature of the prosecution "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act and the Court's Scheduling Order.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).  The nature of the allegations and the

extensive time-frame covered by the indictment, in combination with the myriad of facts, witnesses and documents related to the charges, make this case "complex" and an exception to the Speedy Trial Act. *Id.* Even more, to proceed to trial on the current schedule, given the complexity of the charges, the substantial quantity of discovery, and the schedule of the undersigned counsel, would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Finally, Judge Hall has voluntarily waived his rights under the Speedy Trial Act.

8. In addition, the defendant requests that the Court reset the pretrial deadline for defensive motions to and including August 15, 2025.

9. The Court is on safe ground in granting the requested continuance and deadline extensions. A defendant's Sixth Amendment right to counsel is violated when counsel's time to prepare for trial is unduly restricted. *See Morris v. Slappy,* 461 U.S. 1, 11 (1983). While "broad discretion" is granted to trial courts on the matter of continuances, "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at 11-12 (quoting *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964)). Judge Hall has advanced a "justifiable request for delay." *Id. See also United States v. Gallo,* 763 F.2d 1504, 1523 (6th Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986) ("Denial [of a continuance] amounts to a constitutional violation . . . if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay."). And "actual prejudice" from the denial of a continuance occurs where a continuance would have "added something" to the defense. *See United States v. Lewis,* 605 F.3d 395, 401 (6th Cir. 2010). Given the extensive time period which must be investigated for trial preparation and the conflicts of counsel, granting the requested continuance to allow for reasonable trial preparation would certainly "add something" to the

defense. The requested continuance comports with the Speedy Trial Act. *See United States v. Patton,* 651 F. Appx. 423, 426 (6th Cir. 2016) ("And so long as the court based its continuance on permissible factors under the Speedy Trial Act, and did not invent after-the-fact findings to justify an ends-of-justice continuance that cannot fairly be said, upon review of the record, to have served as its basis for granting the continuance, its action was proper." (cleaned up)). And finally, postponement of several months is reasonable and is directly related to the task at hand. *See United States v. McClendon,* 146 Fed. Appx. 23, 26-27 (6th Cir. 2005) (continuance factors).

10. In summary, the defendant requests that the Court (a) declare the case "complex" and continue the trial currently scheduled for July 14, 2025, (b) set a new deadline of August 15, 2025, for filing pretrial defensive motions, and (c) conduct a telephonic conference for purposes of rescheduling the trial to a later, more realistic, date.

WHEREFORE, the defendant, Howard Keith Hall, respectfully requests that the Court grant the relief sought herein.

                                                     Respectfully submitted,

                                                     TRUE GUARNIERI AYER, LLP

                                                     /s/ J. Guthrie True
                                                   J. Guthrie True
                                                   124 West Clinton Street
                                                   Frankfort, KY  40601
                                                   Telephone: (502) 605-9900
                                                   Facsimile: (502) 605-9901
                                                   E-mail: gtrue@truelawky.com

                                                   Counsel for Defendant

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 23rd day of May, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

                                              /s/ J. Guthrie True
                                              Counsel for Defendant