RENDERED: July 28, 1995; 10:00 a.m.
NOT TO BE PUBLISHED

# Commonwealth Of Kentucky
# Court Of Appeals

NO. 94-CA-001342-MR

COMMONWEALTH OF KENTUCKY     APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.    HONORABLE WILLIAM L. GRAHAM, JUDGE
ACTION NO. 93-CR-000059

JAMES WILEY CRAFT and
PATSY L. STALLARD     APPELLEE

OPINION
AFFIRMING

\*    \*    \*    \*    \*

BEFORE: LESTER, CHIEF JUDGE, JOHNSON and JOHNSTONE, Judges.

JOHNSON, JUDGE: The Commonwealth appeals from an order of the Franklin Circuit Court dismissing indictments against Patsy L. Stallard (Stallard) and James Wiley Craft (Craft). We affirm.

    Stallard was indicted by the Franklin County Grand Jury for one hundred and three counts of felony theft by unlawful taking. Kentucky Revised Statutes (KRS) 514.030. Craft was indicted by the same grand jury for one hundred and three counts of complicity to commit theft by unlawful taking. KRS 502.020. The basis for the indictments was Stallard's collection and cashing of state payroll checks and Craft's certification of Stallard's fulfillment of her job responsibilities which was required before

the payroll checks were issued. During the relevant time period, Stallard was a permanent part-time employee of the Letcher County Commonwealth's Attorney's Office and Craft was the Letcher County Commonwealth's Attorney.

The Commonwealth filed a bill of particulars which stated that the basis for the indictment was Stallard's failure to perform the requisite amount of work required for one employed in her position. The charge appears to be centered around the amount of time Stallard spent on official business of the Commonwealth's Attorney's Office as compared with the work she did for Craft's private civil law practice for which she also worked part-time. Both defendants moved to have the indictments against them dismissed arguing that the charges were unconstitutionally vague and had no basis in law. The trial court granted the motions and dismissed the indictments reasoning in its opinion that as there existed no statutory or administrative requirement specifying the number of work hours that Stallard was to spend on official responsibilities of the Commonwealth Attorney's Office, neither of the defendants was sufficiently apprised of what course of conduct constituted a criminal offense. Absent such notice, the trial court deemed the present prosecution to violate an essential element of constitutional due process. The Commonwealth appealed the dismissal.

For each pay period, Craft certified Stallard's entitlement to a state pay check by executing a document containing the following language:

> This is to certify that the salaried employees listed below has (sic) fulfilled all statutory

-2-

> duties of their employment for the pay period ending _____.

Craft would fill in the appropriate date and list Stallard as the employee entitled to a paycheck.

The Commonwealth maintains that Stallard as a permanent part-time employee, was required to work a minimum of one hundred hours a month to be entitled to her regular paycheck.

KRS 15.760 provides in pertinent part as follows:

> (2) The number of assistant Commonwealth's attorney positions, stenographic, secretarial and clerical staff positions, investigative and other personnel positions, shall be based on real need to be determined with the advice and consent of the Prosecutors Advisory Council.
>
> * * *
>
> (4) All salaries paid to personnel appointed hereunder shall be paid from the State Treasury. The salaries shall be commensurate with the appointee's education, experience, training and responsibility, and be based upon the guidelines established by the Prosecutors Advisory Council, which guidelines shall be comparable with the classification and compensation plan for comparable positions maintained by the state Department of Personnel, pursuant to KRS 64.640.

The Commonwealth admits that the guidelines at the time relevant to this prosecution did not specify the number of hours that a part-time employee was required to work. Nevertheless, the Commonwealth, citing KRS Chapter 64, contends that a one hundred hour per month requirement exists and that such was reasonably known to the defendants. We have reviewed the statutes and administrative regulations, including Chapter 64, and can find nothing which states the number of hours that a part-time employee

-3-

of the Commonwealth's Attorney's Office is required to work. The Commonwealth argues in its brief that all it must prove at trial to support a conviction is that Stallard did not perform one hundred hours of work per month for the Commonwealth as she and Craft both had certified. It is the opinion of this Court that the Commonwealth does not have a basis in law for alleging the existence of a one-hundred-hour requirement. KRS 15.760 delegated to the Prosecutors Advisory Council the responsibility of establishing the requirements of Stallard's job. As the Council failed to specify a minimum number of hours to be worked by part-time employees, and no other statute or regulation applied, no such requirement existed. We also reject the Commonwealth's description of this case as one where Stallard simply did not work the hours she and Craft represented. The forms executed by Craft did not certify that Stallard had worked any number of hours, but only that the statutory requirements (such as they may be) had been met.

This case does not involve a vague statute, for no such statute applies. While the theft by unlawful taking statute is not itself vague, when its operation depends upon the incorporation of extraneous matters, that which is to be incorporated must also be reasonably clear. Fundamental fairness requires that a person cannot be sent to jail for a crime he could not with reasonable certainty know he was committing. Scull v. Virginia, 359 U.S. 344, 353, 3 L.Ed.2d 865, 871, 79 S. Ct. 838, 843 (1959). In Commonwealth v. Foley, Ky., 798 S.W.2d 947, 951 (1990), the Supreme Court stated that the proper analysis in determining whether a criminal statute is unconstitutionally vague "is whether a person disposed

to obey the law could determine with reasonable certainty from language used whether contemplated conduct would amount to a violation." As stated in Commonwealth v. Lundergan, Ky., 847 S.W.2d 729, 731 (1993), "a felony conviction is an extremely harsh penalty to impose without clear and unambiguous notice." Where criminal sanctions are to be imposed because of administrative regulations, those regulations are governed by the same requirements of definiteness as are statutes defining criminal action. United States v. Mersky, 361 U.S. 431, 440-441, 4 L.Ed.2d 423, 431, 80 S. Ct., 459, 465 (1960). We agree with the learned trial court that lack of any rule, regulation, or policy detailing the hours to be worked by part-time employees of the Commonwealth's Attorney's Offices defeats this prosecution. Were this case to involve a situation where no work were in fact done by Stallard, yet she applied for and received payment, we would agree that any reasonable person would have been aware that such conduct was criminal. The Commonwealth admits however that Stallard did do some work for the Commonwealth's Attorney's Office. Whether the amount of work meets the requirements of the Prosecutors Advisory Council is too nebulous a question to warrant a criminal prosecution.

While we commend the Commonwealth for its tenacity in pursuit of those who abuse the public trust by squandering or otherwise misappropriating public funds, we must apply the same constitutional protections to all defendants.

The circuit court was correct in dismissing the indictments, and its order is hereby affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Hon. Chris Gorman
Attorney General
Hon. Paul W. Richwalsky, Jr.
Assistant Attorney General
Hon. Luke Morgan
Assistant Attorney General
Special Prosecutions Division
Frankfort, KY

ORAL ARGUMENT FOR APPELLANT:

Hon. Luke Morgan
Assistant Attorney General
Special Prosecutions Division
Frankfort, KY

BRIEF FOR APPELLEE, PATSY STAL-LARD:

Hon. Lawrence R. Webster
Pikeville, KY

BRIEF FOR APPELLEE, JAMES WILEY CRAFT:

Hon. Alva A. Hollon, Sr.
Hazard, KY

ORAL ARGUMENT FOR APPELLEES:

Hon. Lawrence R. Webster
Pikeville, KY