**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

**CRIMINAL ACTION NO. 3:25-CR-5-GFVT-MAS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**HOWARD KEITH HALL** **DEFENDANT**

* * * * *

The Defendant, Howard Keith Hall, has been an elected public official for more than two decades. As the Pike County Attorney, he devised and executed a scheme to defraud taxpayers and the Commonwealth by employing someone, Attorney A, who did essentially no work for the County or the Commonwealth. Every two weeks the Defendant certified that this attorney fulfilled his duties as a part time assistant county attorney, despite knowing Attorney A was not in fact performing work for the Pike County Attorney's Office. As a result, the attorney received salary and full benefits, including 10 years in the Kentucky Retirement System, worth $440,587. Contemporaneous with this fictitious employment, the Defendant received $505,900 in "distributions" from Attorney A's private law firm.

For this alleged conduct, a grand jury returned an Indictment charging the Defendant with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A). The Defendant moves

to dismiss these counts pursuant to Federal Rule of Criminal Procedure 12(b)(3), arguing that what he did is not a crime, because employees of the Pike County Attorney's Office ("PCAO") did not in fact have to work at all. Alternatively, he argues that the payroll certifications he signed and mailed to the Prosecutors Advisory Council ("PAC") – certifications required by the PAC for every employee of the PCAO to receive their paychecks – were inconsequential and immaterial. Finally, free of any legal support, he invites the Court to make new law regarding the elements of 18 U.S.C. § 666, argues he was not an agent of state government, and that the conduct alleged was not prohibited by that statute. The motion should be denied. The Indictment contains specific allegations alleging three federal felony violations, fairly informs the Defendant of the charges against him, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The Defendant identifies no legitimate basis to dismiss the charges against him.

**BACKGROUND**

The Indictment alleges the following: for the relevant times, the Defendant was the County Attorney of Pike County, Kentucky. Docket Entry ("DE") 1: Indictment ¶ 1. As such, he was a member of the Kentucky Unified Prosecutorial System, governed and funded by the Prosecutors Advisory Council ("PAC"), based in Frankfort, Kentucky. *Id.* ¶ 2. As County Attorney, the Defendant had numerous responsibilities on behalf of the PAC, the Pike County fiscal court, and the Pike County Child Support Enforcement Office. *Id.* ¶ 3. The Defendant had the authority to make personnel decisions for the PCAO, including hiring and firing assistant county attorneys and support staff. *Id.* ¶ 4.

At the end of each pay period, the Defendant had to complete and sign Payroll Certification forms, certifying that the listed employees fulfilled all duties of their employment. *Id.* The Defendant was responsible for the accuracy of the certification and was required to sign it. *Id.* During the time frame of the Indictment, the Defendant mailed those payroll certifications via United States Postal Service to the PAC in Frankfort, Kentucky. *Id.*

Working for a County Attorney's Office meant something; employees within the Unified Prosecutorial System had to actually work. Part time employees had to work over 100 hours per month, on average, on an annual basis. *Id.* ¶ 5; *see also* Exhibit A at page 23. For this work, they received not only their salary but also qualified for state benefits including health insurance, employer contributions to Medicare and Social Security, and participation in the Kentucky Employees Retirement System. DE 1: Indictment ¶ 5.

Beginning on or about October 1, 2010, the Defendant appointed Attorney A as a part time assistant county attorney for Pike County. *Id.* ¶ 11. As a part time employee, Attorney A received state benefits including health insurance, employer contributions to Medicare and Social Security, and participation in the Kentucky Employees Retirement System. *Id.* Attorney A performed almost no work on behalf of the PCAO, did not report to work at the PCAO or the Pike County Child Support Enforcement Office, and other than a handful of times, did not represent the PCAO in court. *Id.* ¶ 12. At no time between October 1, 2010, and May 15, 2020, did Attorney A work more than 100 hours per month on behalf of the PCAO. *Id.* Despite this, between October 1, 2010, through May 15, 2020, the Defendant submitted false payroll certifications to the PAC, every pay period, asserting

Attorney A fulfilled his duties as a part time assistant county attorney for Pike County. *Id.* ¶ 13. As a result, between October 1, 2010, and May 31, 2020, Attorney A received a total of $290,140 in gross pay. *Id.* In addition, Attorney A received employer contributions to Medicare and Social Security, retirement benefits, and health insurance, with a total value of salary and benefits of approximately $440,587. *Id.* As part of the scheme, beginning in or about October 2011, the Defendant claimed to participate in the private practice of law at Attorney A's law firm. Between on or about October 14, 2011, and October 21, 2020, Attorney A paid the Defendant various payments described as "Distributions," totaling $505,900. *Id*. at 14.

Based on these facts, counts one and two charge violations of 18 U.S.C. § 1341, for the two false payroll certifications sent to the PAC in Frankfort via USPS in the spring of 2020. *Id.* Count three charges a violation of 18 U.S.C. § 666(a)(1)(A), for the salary for Attorney A for the one-year period from May 1, 2019, to April 30, 2020. The Defendant moves to dismiss all the counts. DE 21-1: Memo. in Support of Mot. to Dismiss (hereinafter "Motion").

**ARGUMENT**

A motion to dismiss under Federal Rule of Criminal Procedure 12 is appropriate "when it raises questions of law rather than fact." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009). A motion to dismiss an indictment for failure to state an offense must be denied if the indictment: "'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Generally, it is sufficient for an indictment to "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). An indictment is sufficient to withstand a motion to dismiss when it employs the language of the relevant statute in its general description of the offense and is "'accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *See id.* at 117 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). "An indictment is to be construed liberally in favor of its sufficiency." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

## I. Counts One and Two Correctly Allege Mail Fraud

The Indictment alleges that the Defendant devised and willfully participated in a scheme to defraud, and obtained money and property by means of materially false and fraudulent pretenses, representations and promises. Essential to the Defendant's scheme was the employment of Attorney A by the PCAO. Over the course of ten years, the Defendant routinely submitted false payroll certifications to the PAC, attesting that Attorney A had fulfilled his duties as a part time assistant county attorney for Pike County. As part of the scheme, Attorney A paid the Defendant $505,900. On the dates

set forth in the Indictment, the Defendant caused two specific false payroll certifications to be delivered by United States Postal Service to Frankfort, Kentucky, each of which constitutes a separate count of mail fraud. These allegations are more than sufficient to state violations of 18 U.S.C. § 1341.

The mail fraud statute dictates: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, knowingly causes to be delivered by mail, . . . any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1341. The following elements constitute a violation of 18 U.S.C. § 1341: (1) First, that the defendant knowingly participated in or devised a scheme to defraud in order to deprive another of money or property; (2) Second, that the scheme included a material misrepresentation or concealment of a material fact; (3) Third, that the defendant had the intent to defraud; and (4) Fourth, that the defendant used the mail in furtherance of the scheme." *Id.*; Sixth Circuit Pattern Jury Instruction 10.01: Mail Fraud; *McAuliffe*, 490 F.3d at 531.

The Indictment in this case is sufficient because "it states the offense using the words of the statute itself, [which] fully and unambiguously states all the elements of the offense." *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (citations and quotation marks omitted). Beyond that, the Indictment contains four pages of specific facts and circumstances putting the Defendant on notice of how he transgressed these statutes. *See Hamling*, 418 U.S. at 117. The Indictment identifies several pages of

background information, the details of the scheme, and the specific mailings in furtherance of the Defendant's scheme. DE 1: Indictment. The elements of the offense are thus set forth in the language of the counts; facts are identified that would bring the Defendant's conduct within the scope of § 1341; and the allegations fulfill the notice and double jeopardy functions required to sustain an indictment. The Indictment sufficiently states two counts of 18 U.S.C. § 1341.

The Defendant presents no legitimate legal reason to dismiss the indictment. His chief contention is that there was no requirement that part time assistant county attorneys work at all, and he cites irrelevant state laws and cases in support of this defense. Motion at PageID# 89-100. His invocation of state law attempts to turn a factual issue into a legal one, to disguise the fact that his defense raises factual assertions not properly addressed in a motion to dismiss. A motion to dismiss is not suitable for pretrial determination if it involves "questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997); *see also United States v. Sisco*, 7:20-cr-23-REW, 2021 WL 4066665 at *2-3 (E.D. Ky. Sept. 7, 2021) (denying motion to dismiss wire fraud and health care fraud indictment "which would require the Court to credit [the defendant's] pretrial narrative," as "the jury will sift the proof . . . and have its say."). At the motion to dismiss stage, the Court must "take the government's allegations as true and [] not test the evidence behind its claims." *United States v. Palma*, 58 F.4th 246, 250 (6th Cir. 2023). Moreover, a simple reading of the PAC's Administrative Manuals from 2012 and 2018 proves the fact. *See* Exhibit A at page 23 ("Part-time positions within the Unified Prosecutorial System are classified as positions where the

employee is required to work an average OVER 100 hours per month on an annual basis – these positions qualify for Retirement and Health/Life Insurance benefits"); Exhibit B at page 21. The Defendant is free to argue that as the Pike County Attorney he did not know the prosecutors he employed had to work, but that is a factual contention for the jury to evaluate.

The Defendant's argument that the payroll certifications were not material to the PAC similarly requires a factual determination that the jury must determine. Motion at Page ID# 100-03. "Such a challenge does not go to the sufficiency of the indictment." *United States v. Olive*, 804 F.3d 747, 754 (6th Cir. 2015) (noting indictment must simply "put defendant on notice about what he needed to defend against, and enable[] him to do just that at trial."). Materiality is fundamentally an element for the jury to decide. *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995). The United States does not dispute mail fraud "requires deception which accomplishes the end designed." *United States v. Daniel*, 329 F.3d 480, 486 (6th Cir. 2003) (citations omitted). That will be easily proven at trial. A misrepresentation "is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed. *McAuliffe*, 490 F.3d at 531. Here, the PAC required signed payroll certifications before any PAC employees were paid. DE 1: Indictment ¶ 4; *see also* Exhibit A at 21 ("Payroll Certification forms must be completed at the end of each pay period, signed by the elected official, and mailed to the PAC Staff. The name of each employee who is to receive payment must be listed on the Payroll Certification form. <u>Payroll checks for staff will not be mailed until a payroll certification has been received</u>

by PAC Staff. Payroll certifications must have an original signature of the elected official, signature stamps are not acceptable.") (emphasis in original).[1] For the purposes of the pending motion, the indictment more than adequately alleges the element of materiality, and the Defendant identifies no legal basis to dismiss the mail fraud charges. *McAuliffe*, 490 F.3d at 532 (6th Cir. 2007).

## II. Count Three Alleges a Violation of Federal Program Fraud

As to Count Three, the Indictment alleges that at all relevant times, the PCAO was an agency within the Kentucky Unified Prosecutorial System, and as such, was an agency of the Commonwealth of Kentucky, within the purview of 18 U.S.C. § 666(a)(1) and (d)(2). DE 1: Indictment ¶ 6. Between May 1, 2019, and April 30, 2020, the Commonwealth of Kentucky received benefits in excess of $10,000 from the United States government under federal programs, grants, and subsidies through the Kentucky Unified Prosecutorial System and, as such, was within the purview of 18 U.S.C. § 666(b). DE 1: Indictment ¶ 7. Between May 1, 2019, and April 30, 2020, the Pike County Attorney also received more than $10,000 of funds under federal programs, grants, and subsidies through the Pike County Child Support Enforcement Office, an agency within the Kentucky Cabinet for Health and Family Services, and as such, an agency of the Commonwealth of Kentucky, within the purview of 18 U.S.C. § 666(a)(1) and (d)(2).

---

[1] This also addresses the Defendant's complaint that the payroll certifications were not maintained by the PAC before 2016. *See* Motion at 5 n.3. The fact that Attorney A received his paycheck for the alleged timeframe of the scheme infers that the Defendant submitted the required payroll certifications. This will also be established through witness testimony.

DE 1: Indictment ¶ 8. At all relevant times, the Defendant was the elected County Attorney for Pike County. In that capacity, he was an agent of a state government agency within the purview of 18 U.S.C. § 666(a)(1) and (d)(1).

Count Three specifically alleges that in the one-year period from on or about May 1, 2019, through on or about April 30, 2020, the Defendant, being an agent of an agency of a state government, said agency receiving more than $10,000 of federal funds in the same twelve month period under a federal program, knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not to the rightful owner, and intentionally misapplied property valued at $5,000 or more and owned by and under the care, custody, and control of the Commonwealth of Kentucky: that is, the salary and benefits paid to Attorney A.

These allegations are more than sufficient to state a violation of 18 U.S.C. § 666(a)(1)(A). 18 U.S.C. § 666(a)(1)(A) dictates: "(a)Whoever, if the circumstance described in subsection (b) of this section exists—(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—(i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency." 18 U.S.C. § 666(a)(1)(A). The following elements constitute a violation of 18 U.S.C. § 666(a)(1)(A): (1) At the time alleged in the indictment, the defendant was an agent of the state or local agency; (2) In a one-year period the state or local agency received federal benefits in excess of $10,000; (3) the

defendant stole, embezzled, obtained by fraud, knowingly converted or intentionally misapplied property; (4) the property stolen, embezzled, knowingly converted, intentionally misapplied was owned by or in the care, custody or control of the state or local agency; and (5) the value of the property stolen, embezzled, knowingly converted, or intentionally misapplied was at least $5,000. 18 U.S.C. § 666(a)(1)(A). When several conversions are part of a "single scheme," the value of the property stolen can be aggregated to reach the $5,000 minimum required for prosecution. *United States v. Sanderson*, 966 F.2d 184, 189 (6th Cir. 1992). There is an exception for bona fide salary and wages. 18 U.S.C. § 666(c); *see also United States v. Mills*, 140 F.3d 630, 633 (6th Cir. 1998) ("the value of the yearly salary of a deputy sheriff's job, *if bona fide*, should not be considered in establishing the $5,000 transactional valuation") (emphasis in original).

The Defendant first invites this Court to add an element to the offense—materiality—and then dismiss Count 3 for lack of materiality. Motion at Page ID# 103-04. Not only is there no basis to add an element to a well-established criminal offense, but there is also no basis to dismiss the count for lack of alleging the invented element. Here, Count Three plainly alleges a violation of the statute, as it sets forth the offense in the words of the statute itself and sets forth the elements of the offense. *Hamling*, 418 U.S. at 117.

The Defendant next relies on a 1993 case from the Western District of New York to suggest the alleged conduct is exempted by subsection (c) of the statute. He does not address or even cite the host of authority declining to follow the case and concluding that

wages obtained through false timesheets are not bona fide. *United States v. Williams*, 507 F.3d 905, 909 (5th Cir. 2007) (finding "a salary is not bona fide or earned in the usual course of business under § 666(c) if the employee is not entitled to the money" and noting "[w]hether wages are bona fide and earned in the usual course of business is question of fact for the jury to decide"); *United States v. Dwyer*, 238 F. App'x 631, 647-48 (1st Cir. 2007) (same); *United States v. Walsh*, 156 F. Supp. 3d 374, 382-93 (E.D.N.Y. 2016) (discussing exemption at length and denying motion to dismiss based on salary earned based on false timesheets); *United States v. Robinson*, 903 F. Supp. 2d 766, 774-776 (E.D. Mo. 2012) (denying motion to dismiss based on 18 U.S.C. § 666(c) where indictment alleged theft of a salary of an employee who submitted false time sheets certifying hours worked); *United States v. Ransom*, 2009 WL 3756977, at *7 n.13 (D. Kan. Nov. 9, 2009) (denying motion to dismiss wire fraud and 18 U.S.C. § 641 prosecution involving federal employee falsely reporting his hours); *United States v. Abney*, 1998 WL 246636, at *1-2 (N.D.T.X. Jan. 5 1998) (denying motion to dismiss based on 18 U.S.C. § 666(c) finding the exemption "would not preclude a prosecution involving wages which are clearly not 'bona fide'"). The exemption for salary or wages plainly applies only to *bona fide* salary or wages. As alleged, Attorney A did nothing to earn the wages and benefits as an assistant county attorney.

The cases relied on by the Defendant do not dictate a different result. In *Mills*, the United States did not allege any improprieties with the salaries of the sheriff deputies, or the performance of their duties, rather that they obtained their jobs through bribes. *United States v. Mills*, 140 F.3d 630, 633 (6th Cir. 1998). Similarly, the allegations in

*United States v. Mann* pertained to how the principal of a vocational school obtained his position, and that he did not disclose he lacked the proper certification. 172 F.3d 50, *2-3 (6th Cir. 1999). The court found Mann performed the duties of his job and he was paid his salary "in the usual course of business" despite the employer's lack of knowledge of his missing certification. *Id.* Neither case controls here, where the United States alleges the Defendant paid someone for a job they did not do, to his own financial benefit. In any event, "[w]hether wages were bona fide is a question of fact for the jury." *Dwyer*, 238 F. App'x at 647.

Finally, the Defendant argues he was not an agent of the Commonwealth of Kentucky. Motion at Page ID# 107-110. He again invites the Court to evaluate the facts surrounding his obligations as Pike County Attorney and determine an element of the offense. As defined by the statute, an agent is "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). The Indictment properly alleges that he was an agent of the Commonwealth. *See* DE 1: Indictment ¶¶ 6-9, 19; *United States v. Hudson*, 491 F.3d 590, 593-94 (6th Cir. 2007) (affirming denial of motion to dismiss finding indictment satisfied modest requirement and specifically made agency relationship clear). The decision in *United States v. Phillips* is plainly inapposite, particularly at the motion to dismiss stage. Motion at Page ID# 109. There, the Fifth Circuit found the proof at trial did not establish the agent element, because the defendant tax assessor was not an employee or officer of the agency and had no authority to act on behalf of the parish. 219

F.3d 404, 410-11 (5th Cir. 2000). Here, the Indictment alleges, and the evidence will show that the elected county attorney clearly had authority to hire and fire employees of the PCAO, and to commit the funds of the PAC in setting and issuing salaries and expenses of the PCAO. The Defendant identifies no legal basis to dismiss Count Three.

## III. <u>The Rule of Lenity Does Not Apply</u>

Finally, the Defendant invokes the Rule of Lenity. Motion at Page ID# 100-11. "[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the Court must simply guess as to what Congress intended." *Maracich v. Spears*, 133 S.Ct. 2191, 2209 (2013). The rule is generally inapplicable unless "after a court has 'seize[d][on] everything from which aid can be derived,' it is still left with an ambigu[ity]." *United States v. Boucha*, 236 F.3d 768, 776 (6th Cir. 2001) (citing *Chapman v. United States*, 500 U.S. 453, 463 (1991)). No such ambiguity exists here, nor has the Defendant alleged one, beyond generic allegations the charges against him are "unfair." Motion at 2. The charged conduct falls squarely within the long-established mail fraud and federal program theft statutes. The Defendant identifies no legal basis to dismiss the charges against him.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court deny the Defendant's motion to dismiss the indictment.

Respectfully submitted,

PAUL C. MCCAFFREY
ACTING UNITED STATES ATTORNEY

By: /s/ Kate K. Smith
Kate K. Smith
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4855
FAX (859) 233-2747
kate.smith@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 4, 2025, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney