UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

**CRIMINAL ACTION NO. 3:25-CR-5-GFVT-MAS**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

V.                                            **RULE 404(B) NOTICE**

**HOWARD KEITH HALL**                                                                        **DEFENDANT**

\* \* \* \* \*

The United States, in accordance with the Court's Standing Pretrial and Trial Management Order, Docket Entry 11-1 ¶ 5, provides notice to the Defendant of its intent to offer evidence intrinsic to or proof of the crimes charged, which may implicate Federal Rule of Evidence 404(b). The evidence at trial will show that the Defendant, Keith Hall, devised and executed a scheme to defraud taxpayers and the Commonwealth by employing an attorney who did essentially no work for the Pike County Attorney's Office ("PCAO"). Every two weeks the Defendant certified to the Office of the Prosecutor's Advisory Council ("PAC") that this attorney fulfilled his duties as a part time assistant county attorney, despite knowing Attorney A was not in fact performing work for the PCAO. Several of the witnesses have told investigators that the Defendant also employed two other individuals who did little or no work for the PCAO. The information as to these two individuals, which the United States may seek to admit, is outlined below.

1

- A family member of the Defendant's, C.H., was employed as a part-time legal secretary for the PCAO for many years, but did not work a set schedule and performed little work for the PCAO. Witnesses stated, and records corroborate, that C.H. would be removed from the payroll around election time. As reflected in the payroll certifications produced in discovery, C.H. was removed from the PCAO payroll at approximately the same time Attorney A was removed from the PCAO payroll.

- A candidate for family court judge, J.H., received payments from the PCAO in 2019 despite doing little to no work for the PCAO. Witnesses stated that the Defendant wanted to support J.H.'s campaign but did not want to contribute to his campaign directly, so instead put him on the PCAO payroll. According to the discovery, J.H. was not added to the PAC payroll but instead received approximately $3,000 a month in routine payments from a PCAO bank account, between July 31, 2019, and November 1, 2019. Those payments stopped after J.H. lost the general election in November 2019.

The United States believes that this evidence is admissible as *res gestae* or "background" evidence. This evidence "has a causal, temporal or spatial connection with the charged offense, and includes evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States Martinez*, 430 F.3d 317, 335 (6th Cir. 2005) (citations

and quotation marks omitted).  Because the proffered evidence also implicates other bad acts, the United States gives notice of this evidence pursuant to Rule 404(b), as evidence of the Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident concerning the crimes charged in the indictment.

The Defendant's ability to use the Pike County Attorney's Office payroll to provide unearned paychecks to a family member and falsely certify to the PAC that this individual was working is directly probative of the crime charged.  His removal of this individual during election time also reflects consciousness of guilt.  The Defendant's use of PCAO funds to support a candidate for public office with a paycheck is admissible for the same reasons.  Alternatively, this evidence warrants admission pursuant to Rule 404(b), as evidence of the Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident.  For the foregoing reasons, the United States hereby gives notice of its intent to seek the introduction of above-described evidence.

    Respectfully submitted,

    PAUL C. MCCAFFREY
    ACTING UNITED STATES ATTORNEY

    By:    /s/ Kate K. Smith
           Kate K. Smith
           Assistant United States Attorney
           260 W. Vine Street, Suite 300
           Lexington, Kentucky 40507-1612
           (859) 685-4855
           FAX (859) 233-2747
           kate.smith@usdoj.gov

## CERTIFICATE OF SERVICE

On August 26, 2025, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney