UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.                                                                                Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

   *Defendant.*

---

### DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENAS

---

Comes the defendant, Howard Keith Hall, by counsel, pursuant to Fed. R. Crim. P. 17(c)(1) and LCrR 17.2, and moves the Court for the issuance of subpoenas directed to Clay Mason, a private investigator, and the Kentucky Judicial Conduct Commission, for the pre-trial production of documents and records relevant to the indictment in this case. The requested subpoenas are tendered herewith as Exhibits 1 (Mason) and 2 (JCC).[1]

### FACTUAL BACKGROUND

Judge Howard Keith Hall is charged in a three-count indictment alleging a scheme extending nearly ten years, from October 2010 to May 2020, which purportedly concluded some five years ago. The charged scheme alleges that Judge Hall, while County Attorney of Pike County, submitted false payroll certifications for an assistant county attorney, identified only as "Attorney A," who allegedly "performed almost no work" for the Pike County Attorney's Office.

---

[1] The tendered subpoenas direct that the requested materials be produced at the offices of True Guarnieri Ayer, LLP by September 15, 2025.

This allegedly permitted Attorney A to receive compensation and benefits without providing services as an assistant county attorney. The indictment further alleges that Judge Hall "claimed to . . . participate in the private practice of law at Attorney A's law firm," and, as a result, received "distributions" from the law firm between October 2011 and October 2020. (DE #1, ¶s 11-14). As a result of this alleged "scheme," Judge Hall is charged with two counts of mail fraud, in violation of 18 U.S.C. § 1341, related to mailing "Payroll Certifications" in April and May 2020 (Counts 1 and 2), and one count of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A), between May 2019 and April 2020 (Count 3).

It is beyond dispute that Clay Mason—a former FBI agent who now works as a private investigator—was privately hired for the purposes of finding and establishing "facts" that purportedly support the allegations now recited in the Indictment. On April 18, 2025, the following post was made to Clay Mason's Facebook page:



The post's reference to "A Circuit Court judge in Pike Count . . . indicted on fraud" clearly refers to Judge Hall, who was indicted on April 17, 2025, just one day prior to Mr. Mason's Facebook post. Counsel's due diligence informs that Mr. Mason was employed by a Pikeville attorney to conduct an investigation of Judge Hall.

2

This motion seeks a subpoena for Clay Mason's entire investigative file, including all materials, documents, interview recordings, interview memoranda, and all other fruits of his investigation.

Separately, but perhaps relatedly, there have been complaints made against Judge Hall to Kentucky's Judicial Conduct Commission ("JCC"). The JCC exists pursuant to Section 121 of Kentucky's Constitution and operates pursuant to the Rules of the Kentucky Supreme Court. The JCC is charged with investigating complaints against Kentucky's state court judges and is authorized to initiate and adjudicate discipline against the state judiciary pursuant to Kentucky Supreme Court Rule ("SCR") 4.000 *et. seq.* Judge Hall has been the subject of disciplinary complaints emanating from a member(s) of the Bar in Pike County. Some of those complaints resulted in an order from the JCC imposing an agreed Public Reprimand against Judge Hall on April 2, 2025, just days before return of the indictment on April 17, 2025. Upon information and belief, the person or persons making complaints to the JCC will be a witness or witnesses at trial.

Counsel for Judge Hall has attempted to obtain by agreement the complaints and supporting materials provided to the JCC by the complainant(s). The JCC, through its counsel, has declined to provide the requested materials by agreement.

This motion seeks a subpoena directed to the JCC for all complaints and related or accompanying materials submitted by the complainant(s) as to Judge Hall.

APPLICABLE LAW

Federal Rule of Criminal Procedure 17(c)(1) states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. *The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.* When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(Emphasis added).

Under Rule 17, a party may obtain pretrial production of documents: (a) where the items are "evidentiary and relevant," (b) where they are not "otherwise procurable through due diligence prior to trial," (c) when "the requesting party" is "unable to properly prepare for trial without such pre-trial production and inspection," and (d) when the application is "made in good faith" and is not a "'fishing expedition.'" *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013); *see also United States v. Nixon,* 418 U.S. 683, 699 (1974) (same). "Rule 17(c) sweeps more broadly" than Rule 16, thus allowing the defendant pre-trial production of documents "from the government *or* third parties." *Llanez-Garcia,* 735 F.3d at 494 (emphasis original). "Rule 17(c)'s 'chief innovation' is to 'expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'" *Id.* at 493 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). There is no requirement to utilize Rule 16 discovery procedures before resorting to Rule 17(c) subpoenas. *Id.* at 494. "Because the government does not possess or control all of the materials potentially relevant to a defendant's case, and is not obligated to acquire materials possessed or controlled by others, the criminal-procedure rules do not make the government the gatekeeper to evidence it may not have." *Id.* at 494.

The defendant seeks Court approval for these subpoenas pursuant to LCrR 17.2 and as a matter of good faith. *See id.* at 500 ("Rule 17(c) is capacious enough to accommodate differing levels of oversight that district courts deem desirable to impose. It commits the task of supervising subpoenas to the sound discretion of those courts, which can determine the appropriate mechanisms for exercising oversight as they see fit—by standing order, local rule, or no rule at all.").

4

ARGUMENT

To properly prepare for trial, Judge Hall needs pre-trial production of (1) Clay Mason's investigative file regarding his investigation of Judge Hall and (2) the complaints and accompanying materials related to Judge Hall submitted to the Judicial Conduct Commission by the complainant(s). This motion for Rule 17(c) subpoenas to obtain pre-trial production of copies of these documents and materials satisfies the *Llanez-Garcia* standard: the motion seeks materials that are "evidentiary and relevant;" the materials are not "otherwise procurable through due diligence prior to trial" despite counsel's reasonable efforts; the defendant and counsel are "unable to properly prepare for trial" without pre-trial production of the requested materials; and this is not a "'fishing expedition,'" but rather, a good faith request for pre-trial production of critical materials. *Llanez-Garcia*, 735 F.3d at 494. The materials sought by subpoena will contain impeachment evidence, but the materials are not sought merely to obtain "general impeachment evidence." *United States v. Vassar,* 346 Fed. Appx. 17, 24 (6th Cir. 2009) ("general impeachment evidence" not a "proper subject for a Rule 17(c) subpoena"). The materials sought are reasonably calculated to reveal exculpatory evidence, evidence directly related to the trial testimony of witnesses, and/or information that will contextualize other evidence that will be offered at trial. The materials relate directly to allegations and evidence collected *about Judge Hall*, not a fishing expedition for inadmissible hearsay about third parties. *See id.* Pre-trial production of this material is imperative to protect the defendant's due process rights.

1. Clay Mason

Clay Mason's investigative file is sought because it is indisputable that he was engaged in an investigation related to Judge Hall that has played some role in Judge Hall's indictment. As

5

noted, on April 18, 2025, one day following the return of the indictment, Mason boasted as follows on his Facebook page:



The "Circuit Court judge in Pike County" clearly refers to Judge Hall, who was indicted on April 17, the day before this post.

Upon information and belief, Mason was hired by a Pikeville lawyer to investigate Judge Hall. Mason's employer—the Pike County lawyer—was involved in filing numerous lawsuits against 3M Company concerning "dust masks" allegedly manufactured by 3M that were allegedly used by coal miners. In at least one such case, Judge Hall, as the presiding judge, issued a summary judgment dismissing the case in March 2023, finding that the Pikeville attorney filed a "materially false" affidavit in an effort to defeat a statute of limitations defense in the case. That circumstance, among others, have led to 3M Company filing a lawsuit against Mason's attorney-employer (and others) alleging fraud.[2] It is a well-known fact that Mason interviewed individuals in an effort to develop information about Judge Hall. Mason and/or people he interviewed and/or the person who hired him, may be called by the government or the defense as witnesses at trial.

---

[2] *3M Company, Plaintiff v. Glenn M. Hammond, et al., Defendants*, Case No. 7:25-cv-00037-REW-EBA, United States District Court, Eastern District of Kentucky, Southern Division.

The focused, specific request for Mr. Mason's investigative file regarding Judge Hall is "evidentiary and relevant" as it is more than probable—even by Mr. Mason's own view—that information he developed in his investigation into a Pike County "Circuit Court judge" contributed to the instant indictment. Ensuring that the defendant has access to a clearly relevant investigative file is crucial to ensure that the defendant has access to the alleged facts and information that led to the charges against him. It is known that Mason interviewed persons about Judge Hall. Some or all of those persons may be (government or defense) witnesses at trial, thus making Mason's investigative materials a source of valuable impeachment evidence. Other of his investigative materials may disclose exculpatory evidence. Further, these files are not procurable through any means other than by Rule 17(c) subpoena. Finally, this request does not amount to a "fishing expedition"—these materials relate directly to Judge Hall, the materials will have exculpatory and impeachment value, and Judge Hall cannot obtain access to these materials by other means and thus cannot prepare for trial without "pre-trial production and inspection" of this material.

As there is no other way to obtain Mr. Mason's file prior to trial other than via a Rule 17(c) subpoena, Judge Hall respectfully requests that the Court grant this motion for the issuance of a Rule 17(c) subpoena consistent with the subpoena filed herewith as Exhibit 1.

2. <u>Judicial Conduct Commission</u>

The complaints and related materials in the possession of the Judicial Conduct Commission are sought because, upon information and belief, they contain materials gathered by and submitted to the JCC by a person(s) who has provided information to the government which has led to or contributed to the return of the instant indictment.

The discovery provided by the government includes an FBI memorandum opening the investigation that states in relevant part: "In November 2022, *government officials* from Pikeville,

7

Kentucky, reported alleged fraud that they believed was committed by the previous Pike County Attorney who is now a Circuit Judge, Howard Keith Hall." (Emphasis added). It is apparent from the communications from the JCC advising Judge Hall of the various complaints filed against him, as well as from the recitations of the Public Reprimand issued by the JCC against Judge Hall, that the source of the complaints is a person(s) within the Pike County Commonwealth's Attorney's Office (*i.e.,* "government officials"). It is anticipated that the person(s) who filed the complaints against Judge Hall with the JCC will be called by the government or defense as a witness(es) in the case. The information in the possession of the JCC will go to the credibility of such person(s).[3]

Moreover, the information in the possession of the JCC *is about Judge Hall*. This is not an effort to "fish" for information about third parties. The complaints were submitted to the JCC by a person(s) making allegations *about Judge Hall*. Access to the information submitted is reasonably calculated to reveal valuable impeachment evidence and/or evidence that would expose bias and provide the jury with information necessary to fairly judge the credibility of such witness(es).

Counsel for Judge Hall has attempted, without success, to obtain these materials from the JCC without the necessity of a subpoena. Citing SCR 4.130[4] and 4.170,[5] the JCC, through its counsel, has declined to provide the complaints and related materials by agreement (and without a subpoena) because the complaints were resolved by an agreed Public Reprimand *before* any preliminary investigation was initiated by the JCC. *See* SCR 4.170(4) ("*After* the preliminary

---

[3] Thus far, the government has declined to provide the 302s (or other witness statements); as a result, the defendant cannot be more precise in identifying potential witnesses by name.

[4] SCR Rule 4.130 provides in relevant part: "All papers and information obtained by or on behalf of the Commission shall be confidential except as provided in this rule or by order of the Supreme Court."

[5] SCR Rule 4.170(4) states: "After the preliminary investigation is completed and before formal proceedings are initiated under Rule 4.180, the Commission shall afford the judge under investigation an opportunity to examine all factual information, including the name of the complainant if relevant[.]"

8

investigation is completed" the judge under investigation "shall" be afforded "an opportunity to examine all factual information[.]" (emphasis added)).

The information contained in the complaints filed with the JCC is "evidentiary and relevant." This information is not procurable through any means other than by Rule 17(c) subpoena. Finally, this request does not amount to a "fishing expedition"—these materials are likely to have exculpatory and impeachment value, and Judge Hall cannot prepare for trial without "pre-trial production and inspection" of this material.

As there is no other way to obtain the JCC materials prior to trial other than via a Rule 17(c) subpoena, Judge Hall respectfully requests that the Court grant this motion for the issuance of a Rule 17(c) subpoena consistent with the subpoena filed herewith as Exhibit 2.

## CONCLUSION

Based on the foregoing, the defendant, Howard Keith Hall, respectfully requests that the Court grant the relief sought herein.

    Respectfully submitted,

    TRUE GUARNIERI AYER, LLP

    /s/ J. Guthrie True
    J. Guthrie True
    M. Abigail Schueler
    124 West Clinton Street
    Frankfort, KY  40601
    Telephone: (502) 605-9900
    Facsimile: (502) 605-9901
    E-mail: gtrue@truelawky.com

    Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 2nd day of September, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

                                                          /s/ J. Guthrie True
                                                         Counsel for Defendant