# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:25-cr-00005-GFVT-MAS |
| Howard Keith Hall | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:    Clay Mason, d/b/a Clay Mason and Associates

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

**The entire investigative file of Clay Mason d/b/a Clay Mason and Associates concerning any and all investigations of Howard Keith Hall, including, but not limited to, all materials, documents, interview recordings or memoranda (or any other memorialization of interviews), and all other fruits of any such investigations.**

| Place: True Guarnieri Ayer, LLP<br>124 Clinton Street<br>Frankfort, KY 40601 | Time: Monday, September 15, 2025, 10:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date:  9/15/2025

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*    jj

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  the defendant, Howard Keith Hall , who requests this subpoena, are:

J. Guthrie True, True Guarnieri Ayer, 124 Clinton Street Frankfort, KY 40601 502-605-9900

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to
1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte*;* 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.  3:25-cr-00005-GFVT-MAS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                  *Server's signature*

                                          _____
                                                  *Printed name and title*

                                          _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| United States of America | ) |  |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 3:25-cr-00005-GFVT-MAS |
| Howard Keith Hall | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

Judicial Conduct Commission c/o Jeffrey C. Mando, Esq.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

**Any and all complaints and related or supporting materials submitted to the Judicial Conduct Commission concerning or related to Judge Howard Keith Hall.**

| Place: True Guarnieri Ayer, LLP<br>124 Clinton Street<br>Frankfort, KY 40601 | Time: Monday, September 15, 2025, 10:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: 9/15/2025

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*    jj

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* the defendant, Howard Keith Hall, who requests this subpoena, are:

J. Guthrie True, True Guarnieri Ayer, 124 Clinton Street Frankfort, KY 40601 502-605-9900

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to
1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte*;* 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 3:25-cr-00005-GFVT-MAS

**PROOF OF SERVICE**

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: