**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**CASE NO. 3:25-CR-0005-GFVT-MAS**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**

**HOWARD KEITH HALL**                                                                    **DEFENDANT**

---

**MOTION TO QUASH SUBPOENAS DUCES TECUM**

---

The Kentucky Judicial Conduct Commission ("JCC"), by and through counsel, and pursuant to Federal Rule of Criminal Procedure 45(3), respectfully moves the Court to quash Defendant, Howard Keith Hall's Subpoena Duces Tecum to the JCC. A Memorandum in Support and a proposed Order are attached.

                                                                        Respectfully submitted,


                                                                        */s/ Jeffrey C. Mando*
                                                                        Jeffrey C. Mando, Esq. (#43785)
                                                                        Casmir M. Thornberry, Esq. (#100623)
                                                                        ADAMS LAW, PLLC
                                                                        40 West Pike Street
                                                                        Covington, KY  41011
                                                                        859.394.6200 | 859.392.7200 – Fax
                                                                        jmando@asdamsattorneys.com
                                                                        cthornberry@adamsattorneys.com

                                                                        *Attorneys for Movant, Kentucky Judicial Conduct Commission*

## **CERTIFICATE OF SERVICE**

      This is to certify that on the **18th** day of September, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                          */s/ Jeffrey C. Mando*
                          Jeffrey C. Mando, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**CASE NO. 3:25-CR-0005-GFVT-MAS**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**v.**

**HOWARD KEITH HALL**                                                     **DEFENDANT**

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH SUBPOENAS DUCES TECUM**

The Kentucky Judicial Conduct Commission ("JCC"), by and through counsel, and for their Memorandum in Support of Motion to Quash Subpoenas Duces Tecum, state as follows:

On September 17, 2025, counsel for Defendant Howard Keith Hall served a subpoena duces tecum on the JCC, requesting "any and all complaints and related or supporting materials submitted to the Judicial Conduct Commission concerning or relating to Judge Howard Keith Hall".

Federal Rule of Criminal Procedure 17(c)(2) provides that a subpoena may be quashed or modified if compliance would be "unreasonable or oppressive." A party may use Rule 17(c) subpoenas to obtain documents if (1) the items are evidentiary and relevant; (2) the items are not otherwise procurable through due diligence prior to trial; (3) the party cannot properly prepare for trial without such pre-trial production and inspection; and (4) the application is made in good faith and is not a fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). But such subpoenas are not intended to provide a means of discovery for criminal cases. *United States v. Justice*, 14 F. App'x 426, 432 (6th Cir. 2001).

1

In fact, courts have recognized various ways in which a subpoena may be unreasonable or oppressive under Rule 17(c). Particularly germane to the case at bar, Rule 17(c) offers a vehicle for a subpoenaed party to assert a constitutional, statutory, or common-law privilege. *See Branzburg v. Hayes*, 408 U.S. 665, 688 (1972); *In re Grand Jury Proceedings*, 827 F.2d 301, 305 (8th Cir. 1987). Ultimately, a subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant. *United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001)(citing *United States v. Kalter*, 5 F.3d 1166, 1169 (8th Cir. 1993)).

In this case, the subpoena served on the JCC should be quashed because it fails to satisfy the requirements of Rule 17(c) and imposes an unreasonable and oppressive burden on a nonparty.

### A. The Subpoena Seeks Materials That Are Confidential Under Kentucky Supreme Court Rule 4.130

First, the subpoena directed to the JCC demands production of "any and all complaints and related or supporting materials" concerning Judge Hall. These materials are subject to strict confidentiality protections imposed by the Kentucky Supreme Court. Rule 4.130 provides, in unambiguous terms: "All papers and information obtained by or on behalf of the Commission shall be confidential except as provided in this rule or by order of the Supreme Court." SCR 4.130.

The Rule identifies limited exceptions to confidentiality. For example, once formal proceedings are initiated, the notice and subsequent pleadings filed with the Commission may become public, though "internal papers such as investigative reports and staff memoranda, and similar matters, shall remain confidential." SCR 4.130(1). In addition, the JCC may only disclose information to law enforcement authorities or the Kentucky Bar

2

Association in narrowly defined circumstances. SCR 4.130(2), (4). But otherwise, confidentiality is absolute. Critically, SCR 4.130(5) provides that breach of confidentiality may be deemed contempt of court and is grounds for removal of a Commission member or termination of its staff.

Thus, by Kentucky Supreme Court Rule, the JCC is legally prohibited from disclosing complaints and investigative materials absent an order of the Kentucky Supreme Court. Compliance with Defendant's subpoena would require the Commission to violate this mandate, risking contempt sanctions and undermining the integrity of Kentucky's judicial disciplinary process. Indeed, all 50 states, as well as the Federal Government, recognize the importance of keeping these investigation records confidential, and thus have similar privileges protecting the confidentiality of judicial investigation records. *See Clemmer v. Office of the Chief Judge*, 544 F. Supp. 2d 722, 728 (N.D. Ill. 2008); 28 U.S.C. § 360.

The policy reasons for these protections are compelling. Confidentiality encourages complainants and witnesses to come forward without fear of reprisal, ensures that judges are not unfairly tarnished by unproven allegations, and allows commissions to conduct thorough and candid investigations. Requiring disclosure in the case at bar would chill future complaints, erode public confidence in the judicial disciplinary process, and contravene the universal recognition of this privilege.

Because the subpoena seeks documents that are shielded by a well-established confidentiality privilege, compliance is legally impossible absent Kentucky Supreme Court approval, and enforcement would be both unreasonable and oppressive within the meaning of Rule 17(c)(2). For this reason alone, the subpoena should be quashed.

### B. The Defendant's Subpoena Fails to Satisfy the *Nixon* Factors

The subpoena also fails to satisfy the substantive requirements of Rule 17(c) as articulated in *Nixon*, 418 U.S. at 698–700. To be enforceable, a Rule 17(c) subpoena must identify specific, relevant, and admissible evidence not otherwise obtainable, necessary to trial preparation, and sought in good faith rather than for discovery. Defendant's demand for "any and all complaints and related or supporting materials" does not meet this standard. It is sweeping, non-specific, and plainly exploratory: a textbook fishing expedition.

Complaints submitted to the Commission are not evidence; they are often hearsay - unverified allegations with no bearing on the charges in this criminal case. Courts have consistently rejected subpoenas for precisely this type of material. *See United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009) (district court held that defendant failed to satisfy the requisite criteria, largely because they sought internal investigative files and general impeachment evidence, neither of which is a proper subject for a Rule 17(c) subpoena); *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981) (inadmissible hearsay materials not subject to Rule 17(c) subpoena); *Nixon*, 418 U.S. at 701 ("the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.").

In sum, Defendant has not shown, and cannot show, that the JCC's confidential complaint files are admissible, uniquely necessary to trial preparation, or otherwise unobtainable. Instead, the subpoena represents precisely the kind of impermissible discovery tactic that Rule 17(c) forbids.

For all these reasons, the JCC prays that its Motion be granted and that the subpoena duces tecum be quashed.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43785)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@asdamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Movant, Kentucky Judicial Conduct Commission*

## CERTIFICATE OF SERVICE

This is to certify that on the **18th** day of September, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

5