UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.                                                        Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

    *Defendant.*

---

### DEFENDANT'S RESPONSE TO MOTION TO QUASH RULE 17 SUBPOENA

---

Comes the defendant, Howard Keith Hall, by counsel, and files this response and objection to the Motion to Quash Subpoena *Duces Tecum* (DE #34) filed by the Kentucky Judicial Conduct Commission ("JCC").[1]

In a twist of irony, the JCC, an entity dedicated to assuring fairness within Kentucky's system of justice, is attempting to quash a subpoena this Court has already deemed proper under the standards of Federal Rule of Criminal Procedure 17(c) and thereby block Judge Hall's access to documents this Court has correctly found necessary for his criminal trial preparation. This effort to impede the defendant's access to information needed to prepare for and assure a constitutionally fair trial should be rejected and the subpoena enforced.

---

[1] The JCC moves to quash pursuant to "Federal Rule of Criminal Procedure 45(3)." *See* DE #34 at Page ID #408. There is no such federal criminal rule. It may have (erroneously) intended to cite Federal Rule of *Civil* Procedure 45(d)(3) which, of course, is not applicable to this criminal proceeding.

INTRODUCTION

The defendant, Judge Howard Keith Hall, is judge of the Pike Circuit Court. With no prior notice whatsoever, he was indicted on April 17, 2025, and charged with two counts of mail fraud, 18 U.S.C. § 1341, and one count of federal program fraud, 18 U.S.C. § 666(a)(1)(A), related to his service as County Attorney of Pike County over a ten-year period—2010 to 2020. On September 2, 2025, Judge Hall filed a Motion for Issuance of Rule 17(c) Subpoenas. DE #29. The motion, in relevant part, sought a subpoena to the JCC compelling the JCC to produce the following pre-trial: "Any and all complaints and related or supporting materials submitted to the Judicial Conduct Commission concerning or related to Judge Howard Keith Hall." DE # 29-2.[2] Significantly, the government did not file an objection to Judge Hall's motion.

By Order entered on September 15, the Court granted the motion and directed that the subpoenas be issued. DE #32. The JCC subpoena was promptly issued by the Clerk the same day. DE #33. The subpoena was immediately served on the JCC the very same day, September 15.[3] The JCC filed its motion to quash three days later, on September 18. DE #34.

The JCC asserts two arguments in its quest to quash the subpoena. First, it contends that the subpoenaed documents are "strictly confidential" under Kentucky Supreme Court Rule making compliance "legally impossible" and thus "unreasonable and oppressive." DE #34 at Page ID #411. This is not so based on the plain language of the very Supreme Court Rules on which the JCC relies. Second, the JCC argues that Judge Hall's motion seeking issuance of the subpoena did not satisfy the Rule 17(c) standard for a subpoena *duces tecum.* This Court has already resolved

---

[2] It is important to note that the subpoena seeks materials "submitted to" the JCC, not materials *created by* the JCC. The subpoena does not seek the JCC's internally-created materials.
[3] The JCC's motion says the subpoena was served on September 17. DE #34 at Page ID #410. In fact, the subpoena was served on the JCC's counsel—per agreement of its counsel to accept service—on September 15 and the undersigned counsel maintains the email confirming the same.

2

that issue in Judge Hall's favor.  Rule 17(c)(2) does not authorize the subpoenaed party to relitigate that issue.

ARGUMENT

    A.  <u>The materials sought are not "strictly confidential"</u>

To begin, we note two important points.  One, the subpoena issued and served upon the JCC does not seek any internal documents created by the JCC, its attorneys or its staff.  The subpoena requires pre-trial production of: "Any and all complaints and related or supporting materials *submitted to* the Judicial Conduct Commission concerning or related to Judge Howard Keith Hall."  DE # 33 (emphasis added).  The subpoena seeks information "submitted to" the JCC by persons there is every reason to believe will be witnesses against Judge Hall at trial—a point, significantly, the government did not make any effort to dispute.[4]  As Judge Hall's Rule 17(c) motion observed, the "complaints and related materials" sought from the JCC "contain materials gathered by and submitted to the JCC by a person(s) who has provided information to the government which has led to or contributed to the return of the instant indictment."  DE #29 at Page ID #390.  Second, Judge Hall is not seeking—"fishing" for—information about a third person.  He is seeking information *about himself.*  He is literally seeking access to information about allegations made *against him.*  The accuser(s) will undoubtedly be a witness(es) at trial.

That said, the JCC wrongly asserts that "confidentiality is absolute" as to the subpoenaed materials.  DE #34 at Page ID #412.  Kentucky Supreme Court Rule ("SCR") 4.130, relied on by the JCC, addresses the issue of "confidentiality" of JCC materials.  From the very outset the rule makes it clear that confidentiality is *not* "absolute."  The rule begins: "All papers and information obtained by or on behalf of the Commission shall be confidential *except as provided in this rule*

---

[4] Recall, the government did not file any opposition to Judge Hall's Rule 17(c) motion.

or by order of the Supreme Court." SCR 4.130 (emphasis added). The rule then provides the following exception to confidentiality: "The Commission may *reveal* information to appropriate law enforcement authorities or *to the judge under investigation* that it believes is reasonably necessary *in order to protect* the public or *the administration of justice*." SCR 4.130(2) (emphasis added).[5] Accordingly, the very rule on which the JCC relies for its claim of "absolute" confidentiality, in reality, provides for allowing the "judge under investigation" access to information in the JCC's possession "in order to protect . . . the administration of justice." By seeking to quash the instant subpoena, the JCC is acting in direct contravention of its own rule. In granting the motion for the instant Rule 17(c) subpoena, this Court has already determined (a) that the items sought are (i) "evidentiary and relevant" and (ii) not "otherwise procurable through due diligence prior to trial," (b) that Judge Hall is "unable to properly prepare for trial without such pre-trial production and inspection," and (c) that the subpoena was sought "in good faith" and not for purposes of a "'fishing expedition.'" *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013); *see also United States v. Nixon,* 418 U.S. 683, 699 (1974) (same). Thus, this Court has made the determination—by implication if not expressly—that disclosure of the requested materials is necessary "in order to protect . . . the administration of justice." SCR 4.130(2).

But the rules *permitting disclosure* of information in the possession of the JCC don't stop there. Once a preliminary investigation is complete, the JCC is *required* to give the investigated judge access to "all factual information," *to wit*: "After the preliminary investigation is completed and before formal proceedings are initiated . . ., the Commission *shall afford* the judge under

---

[5] Relying on SCR 4.130(2), the JCC argues: "[T]he JCC may only disclose information to law enforcement authorities or the Kentucky Bar Association in narrowly defined circumstances. SCR 4.130(2)." DE #34 at Page ID #411-12. This significantly understates the full scope of disclosure permitted by the rule. As noted, the rule expressly permits disclosure of JCC materials "to the judge under investigation" in circumstances where it is "reasonably necessary in order to protect . . . the administration of justice." SCR 4.130(2).

investigation an opportunity to examine *all factual information*, including the name of the complainant if relevant. . . ." SCR 4.170 (emphasis added). In this instance, the JCC and Judge Hall resolved the complaint(s) through an agreed Public Reprimand before formal proceedings were initiated. For the JCC to conclude that a Public Reprimand was an appropriate agreed disposition of the complaint(s) against Judge Hall, it would have had to have completed its preliminary investigation. For the JCC to agree to a resolution without the benefit of a preliminary investigation would amount to a dereliction of its duty to the public. Thus, disclosure is permitted by SCR 4.170. But even more, in this instance, where Judge Hall's liberty is at stake and other rules permit disclosure of the very information sought, it would elevate form over substance to deny him access to critical information simply because he agreed to resolve allegations the JCC was prepared to pursue by formal complaint.

The single case cited by the JCC, *Clemmer v. Office of the Chief Judge,* 544 F. Supp. 2d 722 (N.D. Ill. 2008), is distinguishable in several respects. For one, the files of the Illinois Judicial Inquiry Board ("JIB") at issue in *Clemmer* "are protected by confidentiality provisions found in the Illinois Constitution." *Id.* at 723. The Kentucky JCC exists pursuant to Section 121 of the Kentucky Constitution, but Section 121 does not provide for confidentiality of the JCC's files. Consequently, there is no constitutionally-mandated confidentiality at stake here. For another, the plaintiff in *Clemmer* was seeking evidence about a non-party judge for use in her civil case. The plaintiff was a court reporter who had filed a complaint with the JIB against a judge and was attempting to get access to the JIB files to use in her civil suit alleging sex discrimination and retaliation against the Office of the Chief Judge and the State of Illinois. *Id.* at 723-24. Thus, *Clemmer* involved a civil plaintiff attempting to obtain constitutionally-privileged information on a judge she was not even suing. And finally, even the *Clemmer* court recognized that "Plaintiff's

5

interests in pursuing her civil claim are not as strong as would be the case if she was a criminal defendant attempting to negate her guilt." *Id.* at 727. The court observed that in that instance even the constitutionally-mandated confidentiality requirements would have to yield to the criminal defendant's constitutional rights. *See id.* at 727-28. Of course, in the case of the JCC there are no such state constitutional concerns over confidentiality; but the concerns for Judge Hall's federal constitutional rights persist.

Simply put, there is no "strict confidentiality" for the information sought via the instant subpoena. To the contrary, the rules governing the JCC expressly permit disclosure of the subpoenaed materials. The JCC has not shown that compliance with the subpoena will be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The motion to quash should be denied.

B. The Rule 17(c) standard cannot be relitigated

The JCC next seeks to relitigate this Court's determination that issuance of the subpoena was appropriate pursuant Rule 17(c)(1). The JCC cites no authority suggesting that it, as merely the holder of evidence, gets to relitigate this Court's determination that the factors relevant to a Rule 17(c)(1) inquiry have been met. *See United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013); *see also United States v. Nixon,* 418 U.S. 683, 699 (1974). The only grounds on which a subpoena may be quashed is upon a showing that "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Judge Hall made more than the requisite showing required for issuance of the subpoena. His motion noted that the JCC's agreed Public Reprimand was issued (coincidentally) on April 2, 2025, just days before return of the instant indictment on April 17, 2025. DE #29 at Page ID #386. Moreover, Judge Hall's motion noted that

> [t]he materials sought are reasonably calculated to reveal exculpatory evidence, evidence directly related to the trial testimony of witnesses, and/or information that

6

will contextualize other evidence that will be offered at trial.  The materials relate directly to allegations and evidence collected *about Judge Hall*, not a fishing expedition for inadmissible hearsay about third parties.

*Id.* at Page ID #388 (emphasis original).  In addition, his motion observed that

[t]he complaints and related materials in the possession of the Judicial Conduct Commission are sought because, upon information and belief, they contain materials gathered by and submitted to the JCC by a person(s) who has provided information to the government which has led to or contributed to the return of the instant indictment.

*Id.* at Page ID #390. The JCC, being merely the holder of the evidence and not a party to this criminal proceeding, is not in any position to challenge this showing.  The JCC is not in the position to know what may be relevant at trial or crucial to trial preparation.  For this very reason, Rule 17(c) does not empower the subpoenaed party to relitigate, in a motion to quash, the issuing court's decision to authorize the subpoena.  The rule only empowers to subpoenaed party to challenge "compliance" with the subpoena based on grounds of it being "unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).

This Court has already determined that issuance of the subpoena is appropriate under *Llanez-Garcia* and *Nixon*.  The JCC has no standing to relitigate that determination.  Instead, the JCC's burden was to show that complying with the subpoena would be either "unreasonable" or that it would be "oppressive."  The JCC, to its credit, makes no attempt to argue that compliance would be oppressive.  We assume the JCC contends that compliance would be unreasonable based on the confidentiality arguments advanced.  But with those arguments having been convincingly rebutted, the JCC is left with no legitimate basis on which to contend that the subpoena should be quashed.  The motion to quash should be denied.

CONCLUSION

Based on the foregoing, the defendant, Howard Keith Hall, respectfully requests that the Court deny the motion to quash the subpoena served upon the JCC and require prompt production of the subpoenaed materials.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

  /s/ J. Guthrie True
J. Guthrie True
M. Abigail Schueler
Frankfort, KY  40601
Telephone: (502) 605-9900
Facsimile: (502) 605-9901
E-mail: gtrue@truelawky.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 24th day of September, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

  /s/ J. Guthrie True
Counsel for Defendant

8