UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 3:25-cr-00005-GFVT-MAS-1 |
| v. | ) ) ) | **MEMORANDUM OPINION** & |
| HOWARD KEITH HALL, | ) ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Howard Keith Hall's Motion to Dismiss the Indictment. [R. 21.] A grand jury indicted Mr. Hall on two counts of wire fraud and one count of theft of government funds. Mr. Hall moves to dismiss the indictment on the grounds that it fails to state an offense pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). For the following reasons, the Court **DENIES** Mr. Hall's Motion to Dismiss. **[R. 21.]**

I

Defendant Howard Keith Hall is a current Pike County Circuit Court Judge. [R. 21.] Before serving in this role, Hall served as the elected County Attorney of Pike County for 24 years between July 1996 and August 24, 2020. *Id.* County attorneys in the Commonwealth of Kentucky have "several responsibilities, including attending the District Court, prosecuting criminal cases in the county District Court, attending and representing the fiscal court, collecting delinquent taxes, and handling child support enforcement." [R. 1.] County Attorneys are members of the Kentucky Unified Prosecutorial System, an entity governed and funded by the

Prosecutors Advisory Council ("PAC") in Frankfort, Kentucky.[1] As the county attorney, Hall had the power to make personnel decisions on behalf of the Pike County Attorney's Office ("PCAO"). Chiefly relevant to the issues in this case, Hall had the power to appoint assistant county attorneys. *See* Ky. Rev. Stat. Ann. § 15.755. The indictment states that "at the end of each pay period, County Attorneys had to complete and sign Payroll Certification Forms, certifying that the listed employees fulfilled all duties of their employment, including working a certain number of hours to maintain full time or part time status." [R. 1.] These certifications then traveled by mail via the United States Postal Service to the PAC. *Id.*

In October 2010, Hall appointed Attorney A as a part time assistant county attorney. *Id.* According to the government, Attorney A performed "almost no work on behalf of the PCAO" and "other than a handful of times, did not represent the PCAO in court." *Id.* Despite performing little to no work on behalf of the PCAO, Attorney A received a salary, "employer contributions to Medicare and Social Security, retirement benefits, and health insurance." *Id.* The government alleges that Attorney A received a total of $440,587 in salary and benefits between October 2010 and May 2020. *Id.* The government further claims that Hall participated in the private practice of law at Attorney A's law firm between October 2011 and October 2020. *Id.* During this time, Attorney A made "various payments described as 'Distributions,' totaling $505,900" to Hall. *Id.*

On April 17, 2025, the United States indicted Hall on two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of theft of government funds in violation of 18 U.S.C. § 666(a)(1)(A). [R. 1.] The government contends that Hall, in his role as the Pike County Attorney, completed, signed, and mailed payroll certification forms falsely asserting that

---

[1] The Commonwealth of Kentucky established a "unified and integrated prosecutor system" with the explicit purpose to "maintain uniform and efficient enforcement of the criminal law and the administration of criminal justice throughout the Commonwealth." Ky. Rev. Stat. Ann. § 15.700 (West).

2

Attorney A fulfilled the duties of their office while performing little to no work for the PCAO. *Id.* In essence, the government makes two principal claims. First, that Hall committed mail fraud by sending the false certifications through the mail. Second, that as an agent of local government, Hall's false certifications led to the disbursement of state funds in the form of salary and benefits to Attorney A, when Attorney A did not in fact perform any work.

Hall filed a motion to dismiss the indictment on the basis that the United States has failed to state an offense. [R. 21.] Hall argues that this is a case where the grand jury "return[ed] an indictment that simply does not charge a crime." *Id.* Hall articulated four arguments in support of this motion, chief among them that "there was no statutory requirement that [Attorney A], or any other part-time assistant county attorney, work 100 hours per month." *Id.* This, Hall suggests, means that it is not a crime to compensate an appointed assistant county attorney with state employment benefits and a state salary — even if that individual performed little to no work — because the Kentucky statute defining the role of assistant county attorneys is silent on the issue.

## II

### A

"An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 409 (1956). An indictment is valid if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). A legally sufficient indictment "must assert facts which in law constitute an offense; and which,

3

if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992).

At this stage "it is well-settled in this circuit that a defendant who wishes to challenge an indictment valid on its face bears a heavy burden." *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981). The Supreme Court has repeatedly held that "the validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate, or hearsay." *United States v. Markey*, 693 F.2d 594, 599 (6th Cir. 1982) (citing *United States v. Calandra*, 414 U.S. 338 (1974) and *Costello*, 350 U.S. 359 (1956)). "When ruling on a motion to dismiss the indictment, the Court accepts the factual allegations therein as true, and determines only whether an indictment is valid on its face." *United States v. Rife*, 429 F. Supp. 3d 363, 366 (E.D. Ky. 2019) (internal citations omitted).

**B**

The Court turns first to the sufficiency of Counts 1 and 2 for violations of 18 U.S.C. § 1341, the wire fraud statute. A valid indictment must contain the elements of 18 U.S.C. § 1341, inform Hall of the charge against which he must defend, and enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling*, 418 at 117. In testing the indictment's sufficiency as to Counts 1 and 2, the Court accepts the government's factual allegations as true and ask whether those facts would constitute the crime of mail fraud.

"Mail fraud has three elements: the defendant must devise or knowingly participate in a scheme to defraud; the defendant must do so with the intent of depriving a victim of money or property; and the scheme must in some way use the mail." *United States v. Maike*, 142 F.4th 367, 374 (2025). The indictment clearly incorporates the elements of 18 U.S.C. § 1341. Paragraphs 10 through 14 of the indictment describe the alleged scheme. [R. 1.] Paragraph 16 alleges that Hall

4

devised and willfully participated in this scheme by "defraud[ing] and obtain[ing] money by materially false and fraudulent pretenses, representations, and promises." *Id.* Finally, the government alleges that Hall "knowingly caused to be delivered by United States Postal Service" two of the false payroll certifications at issue. *Id.* The government's factual allegations, if true, would constitute a violation of the mail fraud statute. Because the facts sufficiently allege a violation of the mail fraud statute, the indictment is sufficient on its face and fairly informs Hall of the charge against which he must defend.

## C

The court next turns to Count 3 of the indictment. As before, the Court will accept as true the government's factual allegations and look to whether the facts would constitute a violation of 18 U.S.C. § 666(a)(1)(A). A violation of § 666(a)(1)(A) requires that the defendant be an "agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof" who "embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any other person than the rightful owner or intentionally misapplies, property." 18 U.S.C. § 666(a)(1)(A). The property must be valued at $5,000 or more and must be "owned by, or is under the care, custody, or control of such organization, government, or agency." *Id.* § 666(a)(1)(A). Subsection (b) requires that "the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." *Id.* 666(b).

As in Counts 1 and 2, the indictment clearly articulates facts that, if true, would constitute a violation of the statute. Paragraph 9 of the indictment reads that Hall, as the elected County Attorney, "was an agent of a state government agency within the purview of [the statute]." [R. 1.] The indictment notes that the PCAO was an agency within the Unified Prosecutorial System

5

and "was an agency of the Commonwealth of Kentucky, within the purview of [the statute]." *Id.* The indictment alleges that the Commonwealth of Kentucky "received benefits in excess of $10,000 from the United States government under federal programs, grants, and subsidies through the Unified Prosecutorial System" and that the PCAO received "more than $10,000 of funds under federal programs, grants, and subsidies through the Pike County Child Support Enforcement Office, an agency within the Kentucky Cabinet for Health and Family Services, and as such, an agency of the Commonwealth of Kentucky." *Id.* Using the language of the indictment, the United States alleges that Hall "knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not to the rightful owner, and intentionally misapplied property valued at $5,000 or more and owned by and under the care, custody, and control of the Commonwealth of Kentucky; that is, the salary and benefits paid to Attorney A." *Id.* Accepting as true the government's factual allegations, these facts would constitute a violation of 18 U.S.C. § 666(a)(1)(A). As with Counts 1 and 2, the indictment as to Count 3 is sufficient on its face and fairly informs Hall of the charge against which he must defend.

**D**

The Court acknowledges that Hall made four arguments in support of his motion to dismiss the indictment. [R. 21.] However, at this early stage, none warrant the granting of his motion. A challenge to the indictment is not a vehicle for testing the sufficiency of the government's evidence. *See United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013). Federal district courts are "prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because 'the government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of

6

Criminal Procedure 29.'" *Id.* (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). As described in the preceding sections, the United States has demonstrated that all three counts of the indictment meet the standards required for a sufficient, valid indictment.

### III

The dismissal of an indictment is an extraordinary action which district courts rarely order. Caselaw requires courts to accept as true the allegations in the indictment when analyzing whether the United States has charged an offense. This presumption in favor of the government places a heavy burden on the defendant to show that the indictment is not sufficient. For the reasons previously stated, Hall has failed to show that the indictment is not sufficient.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Defendant's Motion to Dismiss the Indictment **[R. 21]** is **DENIED.**

This the 2d day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge