UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.  Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

  *Defendant.*

### **DEFENDANT'S MOTION *IN LIMINE***

Comes the defendant, Howard Keith Hall, by counsel, and moves the Court to preclude the government from offering proof regarding the items discussed herein. In support of this Motion, Defendant states as follows:

INTRODUCTION

The government has filed a Rule 404(b) Notice, indicating that it intends to offer evidence at trial of the following:

- A family member of the Defendant's, C.H., was employed as a part-time legal secretary for the Pike County Attorney's Office ("PCAO") for many years. The government alleges that C.H. did not work a set schedule and performed little work for the PCAO. The government reports that witnesses and records will confirm that C.H. would be removed from the payroll around election time. The government posits that the payroll certifications produced in discovery show that C.H. was removed from the PCAO payroll at approximately the same time Attorney A was removed from the PCAO payroll (2020).

1

- A candidate for family court judge, J.H., received payments from the PCAO in 2019 despite doing little to no work for the PCAO. The government reports that witnesses stated that the Defendant wanted to support J.H.'s campaign but did not want to contribute to his campaign directly, so instead put him on the PCAO payroll. The government posits that J.H. was not added to the PAC payroll but that he received approximately $3,000 a month in routine payments from a PCAO bank account, between July 31, 2019, and November 1, 2019. Those payments stopped after J.H. lost the general election in November 2019.

Theoretically, this evidence is meant to be "background" evidence "directly probative of the crime charged." (Dkt. # 26: Government's Rule 404(b) Notice). In the alternative, the government argues that this evidence falls under Fed. R. Evid. 404(b). Judge Hall objects to the admission of this evidence for the reasons set forth below.

## SUMMARY OF FACTS

The defendant, Howard Keith Hall ("Judge Hall"), was the Pike County Attorney from July 1996 until August 24, 2020. (Dkt. #1: Indictment, ¶ 1). As county attorneys have the authority to do, Judge Hall appointed Michael Shane Hall ("Hall") to be employed as an assistant county attorney for Pike County from October 1, 2010 until May 15, 2020. (*Id.,* ¶ 12).

Based on allegations regarding how much Shane Hall actually worked in his capacity as Assistant County Attorney, Judge Hall is charged with two counts of mail fraud, 18 U.S.C. § 1341, because purportedly false "Payroll Certification[s]" were mailed to the PAC on April 30, 2020 and May 15, 2020, and one count of federal funds fraud, 18 U.S.C. § 666(a)(1)(A), for Hall's receipt of compensation as an assistant county attorney.

## LEGAL STANDARD

Rule 404(b)(1) prohibits the use of evidence of other crimes, wrongs, or acts to prove that a person acted in accordance with a particular character trait on a particular occasion. Such evidence is, however, admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). When determining the admissibility of alleged prior-bad-act evidence, the Court should conduct a three-step test: whether (1) the act actually occurred, (2) the evidence is offered for a permissible purpose, and (3) the evidence's probative value is not substantially outweighed by unfair prejudice. *United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015).

If the Court determines that this evidence is intrinsic evidence, there are other evidentiary hurdles that will have to be overcome. All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is neither of these things and is irrelevant, it should be excluded. The relevancy standard is liberal, however; evidence may be excluded if its "probative value is substantially outweighed by a danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The trial court has discretion in determining whether to exclude evidence on these grounds. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 218 (6th Cir. 1982).

ARGUMENT

The government seeks to introduce evidence regarding the supposed employment details of C.H. and J.H. while they were on the Pike County Attorney's Office ("PCAO") payroll. For the reasons below, that evidence should be excluded as inadmissible "other acts" evidence.

I. EVIDENCE IS NOT "INTRINSIC"

The government asserts that this evidence falls outside of Rule 404(b)(1)'s reach because it constitutes *res gestae* evidence—a subcategory of intrinsic evidence, typically "part of a single criminal episode," rather than an extrinsic "other crime, wrong, or act" that Rule 404(b) generally excludes. *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022). The Sixth Circuit recognizes that *res gestae* or background evidence may be admissible only in limited circumstances—when it is "inextricably intertwined" with the charged offense. *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). Importantly, *res gestae* is evidence of limited admissibility, only admissible when it "has a causal, temporal or spatial connection with the charged offense, and includes evidence that is a **prelude** to the charged offense, is **directly probative** of the charged offense, arises from **the same events** as the charged offense, forms an integral part of a witness's testimony, or **completes the story** of the charged offense." *United States Martinez*, 430 F.3d 317, 335 (6th Cir. 2005) (citations omitted; emphasis added).

Here, the government fails to identify any of these qualifying connections. Testimony concerning the employment of C.H. or J.H. does not share a causal, temporal, or spatial relationship with the charged conduct and is neither "inextricably intertwined" with, nor "necessary to complete the story" regarding the allegations in the indictment.

The government's apparent theory of the case is that Shane Hall and Judge Hall had some sort of arrangement, "a scheme," in which Shane Hall received compensation as an assistant county

4

attorney from the PCAO "for little to no work," and that Judge Hall, in turn, received "distributions" from Shane Hall's private practice. C.H. and J.H. have no connection to that alleged story.

Shane Hall worked on behalf of the PCAO as an assistant county attorney from 2010 through May of 2020. Payroll certification records demonstrate that C.H. did not work for the PCAO until January 2016, when, at that time, he was employed as a legal secretary through the end of October of 2017 and again from October of 2018 through the end of June of 2020. J.H. was employed as an assistant county attorney from mid-2019 through October of 2019. Shane Hall began working for the PCAO approximately six years before C.H.'s employment and a whole nine years before J.H.'s employment.  The significant temporal gaps between these employments demonstrate that their roles were entirely independent and unrelated to Shane Hall's work or to the alleged scheme involving Judge Hall. Even C.H.'s and J.H.'s employment histories do not overlap meaningfully with one another, further underscoring the absence of any logical or factual connection. Hiring two individuals—during two different timeframes—many years *after* Shane Hall was employed with the PCAO does nothing to explain or "complete the story" of Shane Hall's employment with the PCAO or Judge Hall's purported "scheme." (Dkt. # 26: Government's Rule 404(b) Notice.)

To be admissible as intrinsic *res gestae* evidence, the evidence must be a "prelude" to the charge, "arise[] from the same events" as the charge, or "complete[] the story" of the charge. *United States Martinez*, 430 F.3d 317, 335 (6th Cir. 2005). Here, the government seeks to introduce testimony that would instead open collateral disputes over whether C.H. and J.H. performed sufficient work for the PCAO, why they were employed, and the circumstances of their resignations. The government's insinuation that both were removed from payroll around

5

significant election events invites speculative and prejudicial inquiry into unrelated personnel matters. This evidence does not clarify or advance the alleged scheme; it risks diverting the jury's attention with multiple mini-trials concerning individuals who bear no relationship to the charges against Judge Hall.

This proposed testimony is wholly disconnected from the charged offenses, and therefore it cannot be characterized as intrinsic *res gestae* evidence. It does not arise from the same events, complete the story of the alleged scheme, or serve any permissible explanatory purpose. Accordingly, it is inadmissible under that theory.

II. <u>EVIDENCE OF C.H. AND J. H.'S HOURS-WORKED FAILS THE TEST UNDER RULE 404(b)</u>

Because the proposed testimony concerning C.H. and J.H. is not intrinsic to the charged conduct, it may be admissible, if at all, only under Rule 404(b). However, the government has not identified a specific, permissible non-propensity purpose for introducing this evidence, nor has it articulated how the testimony would prove any element of the offenses charged. Even assuming the government could articulate such a purpose, the proposed testimony fails Rule 404(b)'s relevance and admissibility requirements and should be excluded.

Rule 404(b) is a "specialized but important application of the general rule excluding circumstantial use of character evidence." Fed. R. Evid. 404, advisory committee's note to 1972 proposed rules. Thus, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rules exclude evidence of character because "the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that

6

outweighs ordinary relevance." *Old Chief*, 519 U.S. at 180–82 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)). The government alleges that the witness testimony concerning C.H. and J.H. "implicate[] other bad acts," and if not admissible under a *res gestae* theory, argues that the testimony is admissible under Rule 404(b) "as evidence of the Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident concerning the crimes charged in the indictment." (Dkt. # 26: Government's Rule 404(b) Notice.) There is no permissible purpose for which this Rule 404(b) evidence can be used. This evidence should be excluded.

A three-pronged test is used to determine the admissibility of alleged prior bad act evidence under Rule 404(b): "whether (1) the act actually occurred, (2) the evidence is offered for a permissible purpose, and (3) the evidence's probative value is not substantially outweighed by unfair prejudice." *United States v. Weir*, No. 24-5335, 2025 U.S. App. LEXIS 3468, at *9 (6th Cir. Feb. 12, 2025) (citing *United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015)).

### A. Whether the Act Actually Occurred

The district court must consider "whether there is sufficient evidence that the other act in question actually occurred." *United States v. Emmons*, 8 F.4th 454, 474 (6th Cir. 2021). There is not. "Evidence" regarding how many hours that C.H. and J.H. worked for the PCAO has apparently been gleaned from witness testimony—"witnesses" who "have told investigators"—concerning acts and events which occurred at least five years ago, if not longer than that. This witness testimony would certainly be from third-party sources and likely contain hearsay. Upon information and belief, these "witnesses" would not have served in any managerial role, were not

responsible for employee payrolls, and would not have been privy to the reasons why particular employees had no "set schedule"—if that is even the case. This alleged testimony is sure to be unreliable and biased. Furthermore, introducing the suggested evidence would require Judge Hall to call C.H. and J.H. to rebut that testimony—testimony that serves no permissible purpose—and lengthen the trial unnecessarily.

### B.  Whether the Evidence is Offered for a Permissible Purpose

The second step of the district court's Rule 404(b) analysis is to determine whether the other acts evidence is admissible for a legitimate purpose. To make this determination, "the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Bell*, 516 F.3d 432, 441-42 (6th Cir. 2008) (internal citations omitted). This, again, requires a three-part inquiry.

> Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or in issue, and (3) the evidence is probative with regard to the purpose for which it is offered.

*Id*. Other bad acts evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The government does not specify which of these admissible purposes the evidence is being offered to prove. Rather, the government cites to all of them and simply asserts that evidence that Judge Hall provided "unearned paychecks" and "use[d] PCAO funds to support a candidate for public office with a paycheck" is "directly probative of the crime charged." (Dkt. #: 26, Page ID 378.)

The government provides no insight as to how this evidence is intended to establish a motive. Admissible purposes such as identity and opportunity are not facts in issue in this case. And, for other acts evidence to be admissible for the purpose of showing absence of mistake or accident, *the defendant* must assert a defense based on some type of mistake or accident. *See*

*United States v. Newsom,* 452 F.3d 593, 606 (6th Cir. 2006); *United States v. Ward,* 190 F.3d 483, 489 (6th Cir. 1999); *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). Judge Hall is not asserting any such defense, so that is not a permissible reason to admit this evidence.

This evidence cannot logically be used to support purposes such as "intent, preparation, [or] plan" either. As discussed above, the timeframes in which Shane Hall, C.H., and J.H. were employed vary in start date, in length of employment, and even in resignation. Further, any motive that could possibly be dreamt up by the government for why Judge Hall would put Shane Hall on the payroll undeservedly (likely, the "disbursements" from Shane Hall's private practice) do not apply to C.H. or J.H., whose employments with the PCAO bore no similarities to Shane Hall's.

Regardless of any *stated* admissible purpose for this evidence, the *actual* purpose for which this evidence is to be offered is obvious—the government intends to use this evidence to bolster its claims that Judge Hall impermissibly had Hall on the payroll while Hall did little to no work. This is textbook evidence of a "wrong" intended "to show that on a particular occasion the person acted in accordance with the character"—*i.e.*, that Judge Hall had a habit of having personnel on the payroll who were not working a sufficient number of hours to earn that payroll. Fed. R. Evid. 404(b)(1). This is an impermissible purpose to use such evidence, and therefore, it should be excluded from trial.

    C. <u>Whether Probative Value is Outweighed by Unfair Prejudice</u>

The government seeks to use this evidence because of its prejudicial impact. *Bell*, 516 F.3d at 444-45 ("When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can."). This is precisely why this evidence must be treated with caution—"regardless of the stated

9

purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, . . ., and that if he 'did it before he probably did it again.'" *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994). Thus, "a legitimate component of [the 404(b)] weighing process is the trial court's informed judgment whether" "the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of the rule states that it may not be used"—*regardless* of the "technical admissibility" of the evidence. *Id.* It is therefore critical that the court "decide carefully whether [the evidence] will be more substantially prejudicial than probative." *Id.*

In *Old Chief*, the Supreme Court clarified that the phrase "unfair prejudice" "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." This includes, of course, "generalizing a defendant's earlier bad act into bad character and taking that as *raising the odds* that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *Old Chief,* 519 U.S. at 180-81 (emphasis added). A limiting instruction is not a sure way to mitigate the prejudicial effects of this type of evidence, either. *Haywood,* 280 F.3d at 724.

For these reasons, the proffered testimony should be excluded under Rule 404(b). The government has failed to specifically identify any legitimate, non-propensity purpose for evidence about C.H.'s and J.H.'s PCAO employment, and even if a purpose were suggested, the testimony's probative value is substantially outweighed by the risk of unfair prejudice, confusion, and waste of time. The witnesses would be testifying about events that occurred more than five years ago, rendering those "recollections" inherently unreliable, and they are not individuals who could lay a foundation for the allegations in the government's Rule 404(b) Notice—their testimony therefore

lacks the required personal knowledge (*see* Fed. R. Evid. 602) and would likely consist of inadmissible speculation about others' motives and employment arrangements (*see* Fed. R. Evid. 701). Allowing the jury to hear contested details about why two peripheral employees left or were "removed" would inevitably trigger multiple mini-trials into collateral personnel matters wholly disconnected from the elements of mail and federal funds fraud, and would invite precisely the forbidden propensity inference the case law condemns. Given the high risk of prejudice and distraction from the issues—and the complete absence of direct relevance to the charged scheme— the Court should exclude any testimony regarding C.H.'s or J.H.'s employment.

      III.      <u>THE EVIDENCE IS NOT RELEVANT AND IS MORE PREJUDICIAL THAN PROBATIVE</u>

*Rule 401.* Rule 401 offers the following test of relevance: "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401(a). And "the fact [must be] of consequence in determining the action." Fed. R. Evid. 401(b).

In a criminal case, a fact is "of consequence" if it makes it more or less likely that the defendant committed the charged conduct. Courts do not require that each piece of evidence directly prove or disprove an element of the offense. *See* 1 McCormick On Evid. § 185 (8th ed.) ("[S]ome evidence that is merely ancillary to evidence that bears directly on the issues may be admissible.") However, evidence must at least be "a step on one evidentiary route to the ultimate fact." *See Old Chief v. United States*, 519 U.S. 172, 179 (1997).

Under Rule 401, the proposed testimony concerning C.H. and J.H.'s employment at the PCAO is simply not relevant. The circumstances surrounding their employment, being separate and distinct from Hall's employment with the PCAO, makes it no more or less likely that Judge Hall engaged in mail or federal funds fraud. Their employment histories are wholly collateral to

11

the charged conduct and do not serve as a "step on one evidentiary route to the ultimate fact." *Old Chief*, 519 U.S. at 179. Because the proffered testimony fails to advance the inquiry into whether Hall committed the conduct alleged, it cannot satisfy Rule 401's threshold of relevance and must be excluded.

*Rule 403.*  Last, but certainly not least, is the balancing test of Rule 403. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. As the Supreme Court and the Sixth Circuit have noted, the "term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged," such as "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *United States v. Bell*, 516 F.3d 432, 444-45 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997)).

Whether C.H. or J.H. worked a number of hours acceptable by the government is not a fact "of consequence" in determining whether Judge Hall is guilty of committing fraud and is more likely to confuse the jury at trial. If the government were allowed to put on such evidence, a trial which is intended to concern Judge Hall would be mired by two mini-trials concerning individuals who are not the defendant in this case and who are not a part of this case. To make the connection between Judge Hall's employment decisions regarding C.H. and J.H. and his employment decisions concerning Shane Hall, counsel would be forced to litigate whether the government's assertions regarding C.H. and J.H. even hold water—a total distraction from the purpose of trial.

CONCLUSION

WHEREFORE, the defendant, Howard Keith Hall, respectfully requests that the Court exclude the evidence proffered in the government's 404(b) Notice.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

 /s/ J. Guthrie True
J. Guthrie True
M. Abigail Schueler
124 West Clinton Street
Frankfort, KY  40601
Telephone: (502) 605-9900
Facsimile: (502) 605-9901
E-mail: gtrue@truelawky.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 13 day of October 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

 /s/ J. Guthrie True
Counsel for Defendant