UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

  *Defendant.*

---

## DEFENDANT'S MOTION *IN LIMINE* #2

---

Comes the defendant, Howard Keith Hall ("Judge Hall"), by counsel, and moves the Court to preclude the government from introducing any evidence, testimony, or argument concerning any "distributions" that Shane Hall's law practice made to Judge Hall. These payments are irrelevant to the charged offenses and risk unfair prejudice. In support of this Motion, Judge Hall states as follows:

### FACTUAL BACKGROUND

Judge Hall is charged with two counts of mail fraud, 18 U.S.C. § 1341, because purportedly false "Payroll Certification[s]" were mailed to the Prosecutors Advisory Council ("PAC") on April 30, 2020 and May 15, 2020. He is also charged with one count of federal funds fraud, 18 U.S.C. § 666(a)(1)(A), for Shane Hall's receipt of compensation as an assistant county attorney while Judge Hall was the Pike County Attorney.

The Indictment alleges that Judge Hall and Shane Hall ("Hall") engaged in certain acts purportedly constituting a scheme to defraud. (Dkt. #1: Indictment, ¶¶ 10-13). Relevant to this motion, the Indictment includes a separate allegation that Judge Hall "claimed to also participate

1

in the private practice of law at [Hall's] law firm. Between on or about October 14, 2011, and October 21, 2020, [Hall] paid [Judge Hall] various payments described as 'Distributions,' totaling $505,900." (Dkt. #1: Indictment, ¶ 14).  The government has not alleged that these distributions were unlawful, were proceeds of fraud, or otherwise constituted any part of the charged offenses. These distributions have not been used as the basis to charge Judge Hall with a bribery or kickback scheme. Hall has not been charged with any offense related to these distributions.  The distributions arose from Judge Hall's lawful participation in private practice (*see* KRS § 15.765(4)) reflecting legitimate compensation to which Judge Hall was entitled.

<u>LEGAL STANDARD</u>

All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is neither of these things and is irrelevant, it should be excluded. The relevancy standard is liberal, however; even otherwise relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The trial court has discretion in determining whether to exclude evidence on these grounds. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 218 (6th Cir. 1982).

ARGUMENT

Judge Hall's receipt of income from his private law practice with Hall is irrelevant to determining whether he is guilty of mail or federal funds fraud. The government's case turns on whether Judge Hall knowingly participated in a scheme to defraud and used the mails in doing so, or whether he received federal program funds unlawfully—*not* on how Judge Hall otherwise earned legitimate income. County attorneys are legally entitled to continue in the private practice of law regardless of their status as county attorney. *See* KRS 15.765(4) ("The county attorney shall not be prohibited from engaging in the private practice of law."); *see also* KRS 15.700(3) (assistant county attorneys are also entitled to maintain a private law practice). Evidence regarding the "distributions" to which Judge Hall was entitled do not help the government prove the elements of the charged offenses. They are, at best, collateral facts that have no logical connection to the charged conduct.

This case is not charged as a bribery or kickback scheme, and for good reason. Judge Hall landed over 100 cases for the Shane Hall law firm that produced recoveries for the clients exceeding $12 Million. From those recoveries the Shane Hall law firm was paid more than $3 Million in attorneys' fees. The distributions to Judge Hall were a small percentage of those fees. There was certainly nothing improper, much less illegal, about the practice arrangement. In information provided to the grand jury, Shane Hall readily acknowledged that Judge Hall worked for his law firm and that Judge Hall was even insured for legal malpractice by the Shane Hall law firm.

The government, however, undoubtedly wants the jury to reach the false and prejudicial conclusion that the lawful distributions were nefarious. In fact, evidence regarding the distributions that Judge Hall received has no tendency to make a fact in issue more or less probable than it

3

would be without the evidence, and it is of no "consequence in determining the action." Fed. R. Evid. 401.  The distributions evidence is irrelevant and should not be admitted.

Further, if the government intends to argue that the "distributions" show "motive," any probative value in doing so is negligible compared to the resulting prejudice. Again, no bribery or kickback allegations are charged.  By merely mentioning the fact that Judge Hall received distributions from the law practice, the government invites a criminal inference. Thus, the evidence risks misleading the jury into believing the distributions were somehow illicit, or that Judge Hall improperly profited or was enriched by the alleged fraud despite *no* such charge.  Jurors are likely to conflate legitimate business payments with proceeds which have a criminal undertone, inviting precisely the type of undue inference which Rule 403 prohibits. The government should not be permitted to do this. The government can try to prove the elements of mail fraud and federal funds fraud, but it should not be permitted to introduce unrelated, legitimate payments for the purpose of an unfairly prejudicial inference.

<u>CONCLUSION</u>

For the foregoing reasons, Judge Hall respectfully requests that the Court exclude any evidence, testimony, or argument concerning "distributions" made by Shane Hall or his law practice to Judge Hall, and that the government's witnesses be precluded from referring to the same.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

  /s/ J. Guthrie True
J. Guthrie True
M. Abigail Schueler
124 West Clinton Street
Frankfort, KY  40601
Telephone: (502) 605-9900
Facsimile: (502) 605-9901
E-mail: gtrue@truelawky.com

Counsel for Defendant


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 17th day of October, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

  /s/ J. Guthrie True
Counsel for Defendant