UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:25-CR-00005-GFVT-MAS |
| | ) |
| HOWARD KEITH HALL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant moved the Court for the issuance of a subpoena duces tecum to the Kentucky Judicial Conduct Commission (KJCC) pursuant to Fed. R. Crim. P. 17. [DE 29]. Hall sought "[a]ny and all complaints and related or supporting materials submitted to the Judicial Conduct Commission concerning or related to Judge Howard Keith Hall." [DE 29-2]. KJCC has moved to quash the subpoena, claiming that it Hall did not satisfy the requirements of Rule 17(c), and that compliance with the subpoena will require the KJCC to violate Kentucky Supreme Court Rule 4.13. [DE 34]. Hall responded, arguing that the KJCC is not a party to the case and therefore cannot raise an argument about the propriety of the subpoenas under Rule 17(c), that the Court already ruled on that issue anyway, and, regardless, SCR 4.13 is not an absolute prohibition against disclosure of the records sought, particularly in the circumstance before the Court.

Rule 17(c)(2) permits "the court [to] quash or modify the subpoena if compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). KJCC claims that "[b]ecause the subpoena seeks documents that are shielded by a well-established confidentiality privilege, compliance is legally impossible absent Kentucky Supreme Court approval, and enforcement would be both unreasonable and oppressive within the meaning of Rule 17(c)(2)."

First, the Court already determined the subpoena request satisfied the requirements of Rule 17(c) when it ordered the subpoena be issued. [DE 32]. The Court is mindful of KJCC's concern that the documents at issue will possibly contain general impeachment material, which, alone, is not a proper subject for a Rule 17(c) subpoena. *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009). Hall also noted the documents may contain exculpatory evidence. The Court therefore permitted the subpoenas to be issued.

However, the Court is persuaded by KJCC's argument that compliance with the subpoena in this circumstance would be unreasonable. Kentucky Supreme Court Rules are a matter of state law. Neither party cited a federal Eastern or Western Kentucky or Kentucky state case addressing this situation, and the Court cannot locate any authority on point. In 2016, the Kentucky Court of Appeals reiterated the confidential nature of complaints filed with the KJCC, stating, "filings with the JCC are confidential, and the judge is not notified unless the JCC determines it needs further information to investigate the complaint or requests the judge to appear for

an informal conference." *Belden v. Cabinet for Families and Children*, 488 S.W.3d 45, 52 (Ky. App., 2016).

The Court is mindful of Hall's unique situation here, as he stands accused of a crime and will utilize these documents to assist in his defense. Nonetheless, the civil case of *Clemmer v. Office of Chief Judge*, 544 F. Supp. 2d 722, 726-27 (N.D. Ill. 2008) is instructive. There, the Northern District of Illinois denied the plaintiff's motion to compel judicial investigative records, citing the confidentiality of judicial investigations under Illinois law as well as "common law principles in the light of reason and experience." *Clemmer v. Office of Chief Judge*, 544 F. Supp. 2d 722, 726-27 (N.D. Ill. 2008)  Just as in *Clemmer*, the documents Hall seeks are considered confidential under the Kentucky Supreme Court Rule to protect both the complainant from retribution and judges from unfounded allegations being spread through the rumor mill or splashed across the newspaper. "All 50 states, as well as the Federal Government, recognize the importance of keeping these investigation records confidential, and thus have similar privileges protecting the confidentiality of judicial investigation records." *Clemmer v. Office of Chief Judge*, 544 F. Supp. 2d 722, 728 (N.D. Ill. 2008).

For these reasons, the Court finds that requiring compliance with the subpoena would be unreasonable and violate the clear public policy behind the confidentiality rules. Therefore, **IT IS ORDERED** the Motion to Quash [DE 34] is **GRANTED**. **IT IS FURTHER ORDERED** that the Motion for Hearing on the Motion to Quash [DE 42] is **DENIED AS MOOT**.

Signed this the 22nd of October, 2025.

/s/ Matthew A. Stinnett
MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY