UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:25-CR-5-GFVT-MAS

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.                           UNITED STATES' *DAUBERT* MOTION
                             TO EXCLUDE "EXPERT" WITNESS

HOWARD KEITH HALL                                                                               DEFENDANT

\* \* \* \* \*

The United States, through counsel, hereby moves to exclude testimony from a late noticed "expert" witness, Harold Mac Johns, pursuant to Federal Rules of Evidence 702 & 704, *Daubert v. Merrell-Dow Pharma, Inc.*, 509 U.S. 579 (1993); and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Mr. Johns proposed testimony should be excluded in its entirety because the disclosure is untimely and inadequate; he is not qualified to opine on the issues set forth in his Rule 16 disclosure; and his opinions do not meet the requirements of Rule 702, 704, and *Daubert*, and invade the province of the Court and the jury.

## BACKGROUND

The Defendant, Howard Keith Hall, has been an elected public official for more than two decades.  A federal grand jury indicted him of two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of federal program fraud, in violation of 18

U.S.C. § 666(a)(1)(A), stemming from his time as the Pike County Attorney. DE 1: Indictment. The indictment alleges that he employed someone who did essentially no work for the Pike County Attorney's Office. *Id.* ¶ 11. As part of the scheme, Attorney A received a salary and benefits, and the Defendant received distributions from Attorney A's private law firm. *Id.* ¶¶ 11-14.

On October 14, 2025, less than a month before trial, counsel for the Defendant produced a three-page disclosure noticing Harold Mac Johns, the former County Attorney in Todd County, Kentucky. *See* Exhibit A (cover letter and Johns' disclosure).[1] The basis for Mr. Johns' anticipated opinion testimony is his time as a county attorney and in private practice, in a county approximately five hours from Pikeville. *Id.* The disclosure notes that he plans to testify to several Kentucky Revised Statutes; permissible private law practices by county attorneys; the relationship between Howard Keith Hall and Michael Shane Hall; office space habits of county attorneys; financial arrangements of county attorneys; the intended purpose of the Prosecutor's Advisory Council ("PAC") payroll certifications; his experience with payroll certifications; child support enforcement funding; and any other issues or topics that might arise in the United States's case-in-chief. *Id.* at 1-3. The disclosure further anticipates he will address allegations in the Indictment and an audit of Pike County performed by the state auditors in 2020. *Id.* at 3.

---

[1] The cover letter claims Mr. Johns will be called as a fact witness who may offer hybrid opinion testimony under Rule 702. It is unclear how he could possibly be considered a fact witness as a county attorney hundreds of miles from Pike County with no personal knowledge of the Pike County Attorney's Office.

# ARGUMENT

Federal Rule of Evidence 702 allows for the admission of relevant expert testimony if a witness "qualified as an expert by knowledge, skill, experience, training or education" provides testimony that (1) is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

As an initial matter, whether an expert is qualified to testify is a "separate but related inquiry" wherein the proponent of the expert must establish those factors relating to the expert's "background that makes his knowledge 'specialized,' that is, beyond the scope of the ordinary juror." *See Zuzula v. ABB Power T & D Co., Inc.,* 267 F. Supp. 2d 703, 713 (E.D. Mich. 2003). "The qualification . . . must match up with the subject matter about which the expert is to testify." *Elswick v. Nichols*, 144 F. Supp. 2d 758, 766 (E.D. Ky. 2001) ("before the expert is found qualified to offer an opinion about a particular issue, the court must also decide whether the *actual qualifications* of the expert enable him or her to assist the trier of fact with regard to *each controverted issue about which the expert seeks to testify*") (quoting Moore's Federal Practice, Reference Manual on Scientific Evidence 58 (Matthew Bender ed., 1995)). The Court must determine whether the witness is properly qualified to opine on the subject at hand by looking to the witness's "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

The "knowledge" prerequisite in Rule 702 requires "more than subjective belief or unsupported speculation." *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010) (quoting *Daubert*, 509 U.S. at 590). In its inquiry, the Court should not look to

3

"the qualifications of a witness in the abstract, but [to] whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). *Kumho* emphasized that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." 526 U.S. at 157 (quotation and citation omitted).

Next, the Supreme Court requires that expert testimony must be both relevant and reliable. *See Daubert*, 509 U.S. at 591-92. Expert testimony is relevant when it will assist the trier of fact to understand or determine a fact issue. Rule 702 requires the district court to perform a gatekeeping function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. In *Daubert*, the Court identified a number of factors that may bear upon the reliability of an expert's testimony, including whether the expert's theory or technique can be or has been tested; whether the theory or technique has been subjected to peer review and publication; whether the theory or technique has a high known or potential error rate; and whether the theory or technique enjoys general acceptance. *Id*. at 593-94. "Proposed testimony must be supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known." *Elswick*, 144 F. Supp. 2d at 766 (quoting *Daubert*, 509 U.S. at 588).

Finally, Rule 704 prohibits an expert witness from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Those decisions

4

"are for the trier of fact alone." *Id.* "Rule 704 prohibits testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *United States v. Watson*, 260 F.3d 301, 309 (3d Cir. 2001) (internal quotations and citations omitted); *see also Powell v. Tosh*, 942 F. Supp. 2d 678, 703 (W.D. Ky. 2013) ("A party's state of mind . . . is not within the knowledge of any expert.") (internal quotations and citations omitted).

When the proffered expert testimony is not scientific in nature, the district court is to be guided by the ultimate purpose of *Daubert* and is not to be restricted to a rigid application of the factors outlined in that decision. *See Kumho*, 526 U.S. at 152. When such expert witness testimony is proffered, the court's task is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* To determine whether an expert is sufficiently reliable to testify, the court must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *See United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001) (quoting *Daubert*, 509 U.S. at 592-93).

While Federal Rule of Evidence 702 controls the admissibility of expert opinions, Federal Rule of Criminal Procedure 16(b)(1)(C) sets forth a defendant's obligation to disclose expert reports. Pursuant to Rule 16, the defendant must provide a written summary of any expert testimony. This summary "must describe the witness's opinions,

5

the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). The disclosure must be made consistent with the Court's orders and produced "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Evid. 16(b)(1)(C)(ii).

### I.    Mr. Johns' Testimony Should be Exclude as Untimely

As a threshold matter, the noticed "expert" testimony should be excluded as untimely. The United States first requested reciprocal discovery on May 21, 2025. *See* Exhibit B. The Court required production of Rule 16 discovery within 10 days of arraignment, DE 11-1: Standing Pretrial and Trial Management Order at ¶ 2(b). While defendants frequently disclose reciprocal discovery closer to trial, without objection, disclosure of an expert witness less than a month before trial is plainly insufficient and unreasonable, particularly given the wide and inappropriate range of topics on which Mr. Johns intends to opine.[2] "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). This Court should exercise that discretion to exclude Mr. Johns' testimony as an opinion witness as untimely.

### II.    Mr. Johns' Testimony Should be Excluded for Inadequate Disclosure

In addition, Mr. Johns' testimony should be excluded based on its entirely deficient disclosure and foundation for his opinions. The sole basis he has disclosed for his wide-ranging opinions is "his long years of experience as a County Attorney who also

---

[2]    To date, other than the referenced "expert" disclosure, the Defendant produced two documents identified as reciprocal discovery on October 14, 2025.

6

maintained a private practice in a rural county and as a former member of the [PAC]." Exhibit A: Disclosure at 1. It is unclear if he has reviewed any documentary evidence, any rules, regulations, or manuals governing county attorneys, or any other information. Nor is there any information that he performed his duties as county attorney and private attorney lawfully or consistent with PAC guidance and regulations. Under the Defendant's logic, anyone who has served as a county attorney in Kentucky is qualified to offer an opinion at trial. Simply getting elected as a county attorney and serving in that capacity does not make an expert qualified to offer opinion testimony under Rule 702 or *Daubert*.

    Critically, the disclosure fails to address what Mr. Johns' opinion would be on several of the subjects noticed. For example, he states he "[w]ill address the audit of select County Attorney offices (including Pike and Todd counties) covering activities during the period between July 1, 2017 and June 30, 2019" without stating what that opinion would be or what the basis for that opinion is.[3] *See* Exhibit A: Disclosure at 3. Similarly, he states he "[w]ill address the PAC Payroll Certification forms, their intended purpose, any representations made by the forms, and his experience with the forms." *Id*. His opinion testimony should be excluded for insufficient foundation and disclosure pursuant to Rule 16, which requires disclosure of "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; [and the] the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C). *See United States v.*

---

[3]    Nor is it clear the relevance of such testimony.

*Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009) ("A proper sanction for failure to disclose, under Rule 16, is exclusion of the evidence."); *United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007) (finding government expert witness disclosure listing "general subject matters to be covered" but omitting "what opinion the expert would offer on those subjects" deficient under Rule 16); *United States v. Castro*, 2022 WL 2915582, at **3-4 (E.D. Mich. July 25, 2022) (excluding opinion testimony pursuant to Rule 16(d)(2)(C) where expert witness disclosure failed to describe witness's actual opinions).

### III.  Mr. Johns' Testimony Does Not Meet Any Provision of Rule 702

Mr. Johns' testimony does not meet any of the provisions for Federal Rule of Evidence 702.  The rule permits the testimony of a witness who is qualified as an expert by knowledge, skill, experience, training, or education . . . if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Defendant has not met a single prong of Rule 702.

As a threshold matter, it is difficult – if not impossible – for the Court to perform its gatekeeper function under Rule 702 without knowing what Mr. Johns' opinions actually are.  *See, e.g.*, *United States v. Clinesmith*, 2025 WL 2884427 at *6 (D. Kansas

8

Oct. 9, 2025) ("Without the putative expert's opinions, the court can't assess the reliability of those opinions."). Thus, the Defendant's omission of Mr. Johns' actual opinions not only ignores the basic requirements of Rule 16, it effectively precludes him from establishing, as the proponent of the testimony, the testimony's relevance and reliability. This is the Defendant's burden, and he fails to meet it. *United States v. Stone*, 279 F.R.D. 434, 437 (E.D. Mich. 2012) ("The proponent of the evidence . . . must establish admissibility by a preponderance of the evidence.") (citing *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001)).

Even if the Court could perform its gatekeeper function notwithstanding the woefully inadequate disclosure, Mr. Johns' proposed expert testimony still fails every Rule 702 factor. First, Mr. Johns has no "scientific, technical, or other specialized knowledge" to offer – he simply had the same job as the Defendant when the Defendant committed the alleged crime. His proffered testimony seems designed not to help the trier of fact, but rather confuse the jury by normalizing the Defendant's conduct as county attorney. Similarly, the testimony is not based on sufficient facts or data. The number of years someone has served as county attorney does not translate to facts or data that this Court can evaluate for reliability under Rule 702 or *Daubert*. Nor is there anything to support a conclusion that Mr. Johns' proposed testimony is the "product of reliable principles and methods" that he "has reliably applied . . . to the facts of the case." Fed. R. Evid. 702(c)-(d). Indeed, his disclosure omits any discussion of his analyses, reasoning, or bases for his opinions other than the fact that he once had the job of county attorney. Mr. Johns' proposed testimony – devoid of any indicia of reliability – is precisely the

9

type of testimony that should be excluded under *Kumho*. *See* 526 U.S. at 157; *see also Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 432-435 (6th Cir. 2007) (finding judge properly excluded expert testimony on grounds that engineer's proposed testimony was prepared for litigation, not tied to his typical research, and failed two of the three relevant *Daubert* factors); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*., No. 5:11-CV-374-DCR, 2014 WL 1664263, at *5 (E.D. Ky. Apr. 25, 2014) (excluding testimony of certified public accountant on the "the interpretation and effect of several contracts" due to lack of analysis, rationale for the opinion, or appropriate qualifications); *In re Meridia Products Liab. Litig.*, 328 F. Supp. 2d 791, 805 (N.D. Ohio 2004) (excluding testimony of pharmacologist finding although knowledgeable about cardiovascular pharmacology, expert was not qualified to testify on matters at issue).

### IV.  Mr. Johns' Testimony Invades the Province of the Court and Jury

Finally, several topics noticed by Mr. Johns' invade the province of the Court and the jury, by opining on his interpretation of the law or the Defendant's intent. The disclosure anticipates that Mr. Johns' will testify to obligations set forth in KRS 69.300. Such testimony is plainly inappropriate for any witness. "It is the responsibility of the court, not testifying witnesses, to define legal terms." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). "[A]n expert cannot provide the jury with a legal conclusion." *United States v. Dukes*, 779 F. App'x 332, 335 (6th Cir. 2019). The Defendant is free to suggest jury instructions based on the statutes themselves but cannot invade the role of the Court in defining legal issues through an opinion witness.

Similarly, several of the noticed opinions are barred by Rule 704(b), which dictates that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." For Mr. Johns' to testify to "address the private practice relationship between Howard Keith Hall and Michael Shane Hall, including the compensation arrangement, and explain that the relationship is common in the practice of law" goes right to the heart of this case that the jury must evaluate and is a circuitous way for him to testify to the Defendant's intent to defraud. *See* Exhibit A: Disclosure at 2; *see also United States v. Gallion*, 257 F.R.D. 141, 156 (E.D. Ky. 2009) ("[A]ny direct opinion regarding whether the Defendants had the intent to defraud . . . would be inadmissible under Rule 704(b)."). This Court has rejected past efforts by defense experts to "express stealth opinions regarding ultimate issues of the defendant's intent and the willfulness of his conduct." *United States v. Lawrence*, No. 2:11-cr-52-DCR, 2012 WL 2175760 at *4 (E.D. Ky. June 14, 2012); *Watson*, 260 F.3d at 309-10 ("The defendant's intent is an ultimate issue of fact that the jury alone must decide.").

Similarly, for him to testify as to the falsity of the certification forms at issue in Count 1 and 2 without knowing any of the underlying facts far exceeds the appropriateness of opinion testimony. *See* Exhibit A: Disclosure at 3. Sixth Circuit law prohibits expert witnesses from reaching legal conclusions in their testimony or from telling jurors what result to reach on the ultimate issues in a case. *Berry v. City of Detroit*, 25 F.3d 1342, 1353-54 (6th Cir. 1994); *Summerland v. Cty. of Livingston*, 240 F.

11

App'x 70, 81 (6th Cir. 2007) (affirming exclusion of expert opinion that "reasonable" force was not used as inadmissible legal conclusion).  Telling jurors the pertinent certifications were not false is precisely such inadmissible expert testimony.  *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("[T]estimony offering nothing more than a legal conclusion – i.e, testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules."); *see also James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC.*, No. 5:11-CV-374-DCR, 2014 WL 1664263, at *5 (E.D. Ky. Apr. 25, 2014) (excluding testimony of certified public accountant "attempting to express improper legal opinions concerning the interpretation and effect of several contracts" as well any discussion of conduct as "improper or schemes").

This limitation is critical because "[i]f an expert's opinion tells the jury what result to reach it usurps the role of the jury and is inadmissible." *James T. Scatuorchio Racing Stable*, No. 5:11-374-DCR, 2014 WL 1664263, at *5.  Prohibition of testimony containing legal conclusions serves a legitimate judicial interest. *See United States v. Mooney*, 135 F.4th 486, 496 (6th Cir. 2025). Such testimony "invades the province of the court to determine the applicable law and to instruct the jury as to that law." *Id.*  And such testimony may convey the witness's "unexpressed, and perhaps, erroneous, legal standards to the jury." *Id.*  Several of Mr. Johns' conclusions do just that, and should be excluded on that basis.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court exclude the noticed testimony of Harold Mac Johns as untimely, failing to meet the

requirements of Rule 16, inadmissible under Rules 702 and 704, and unreliable under *Daubert.*

        Respectfully submitted,

        PAUL C. MCCAFFREY
        ACTING UNITED STATES ATTORNEY

        By:   /s/ Kate K. Smith
                Kate K. Smith
                Assistant United States Attorney
                260 W. Vine Street, Suite 300
                Lexington, Kentucky 40507-1612
                (859) 685-4855
                FAX (859) 233-2747
                kate.smith@usdoj.gov

## **CERTIFICATE OF SERVICE**

     On October 29, 2025, I electronically filed this document through the ECF system, which will send notice to counsel of record.

        /s/ Kate K. Smith
        Assistant United States Attorney