UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:25-CR-5-GFVT-MAS

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #2 |
| HOWARD KEITH HALL | DEFENDANT |

* * * * *

This Court should deny the Defendant's motion *in limine* to exclude evidence of payments he received from Shane Hall's private law firm. Docket Entry ("DE") 41: Motion *in Limine* #2. The evidence that the Defendant received more than half a million dollars from someone he fraudulently put on the Pike County Attorney's Office ("PCAO") payroll for ten years is part of the alleged scheme and plainly admissible.

## BACKGROUND

The Defendant, Howard Keith Hall, has been an elected public official for more than two decades. A federal grand jury indicted him of two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A), stemming from his time as the Pike County Attorney. DE 1: Indictment. The indictment alleges that the Defendant employed someone who did essentially no work for the Pike County Attorney's Office. *Id.* ¶ 11. As part of the scheme, that individual, Shane Hall, received a salary and benefits over the course of ten

1

years valued at $440,587. *Id.* ¶¶ 11-13. As part of that scheme, the Defendant received "distributions" from Shane Hall's law firm totaling $505,900, between October 14, 2011, and October 21, 2020. *Id.* ¶ 14.

At trial, the evidence will show that, in 2010, Shane Hall formed his own law firm and began to establish a private practice in his name. In October 2010, Shane Hall was added to the PCAO payroll as a part time assistant county attorney and thus entitled to benefits, including health insurance and participation in the Kentucky retirement system. Shortly thereafter, the Defendant approached Shane Hall about having a relationship with his newly formed law firm. The Defendant was never added as a member, partner, or employee of that law firm. There was no contract between Shane Hall and the Defendant dictating the terms of their relationship at the law firm. The Defendant referred matters to Shane Hall's law firm and was used in advertising material; he did not perform substantive legal work for the firm. The relationship was beneficial to the firm, given the Defendant's name recognition in the community. The Defendant received his first payments from the firm in 2011. The payments were typically labeled as "distributions." Those payments were not subject to any particular formula, rather Shane Hall paid the Defendant as the firm's finances allowed.

Between October 14, 2011, and October 21, 2020, the Defendant received 88 different payments totaling $505,900. At times, the Defendant would request payments explicitly, not tied to any legal work. *See* Exhibit A (text messages). In May 2020, around the time the Defendant intended to pursue the position of Circuit Court Judge in Pike County, Shane Hall was removed from the PCAO payroll. The payments from

Shane Hall's law firm to the Defendant ended in October 2020. The Defendant received those distributions over the precisely same time frame he fraudulently employed Shane Hall and go directly to the alleged scheme and the Defendant's motive.

## ARGUMENT

All relevant evidence is admissible.  Fed. R. Evid. 402. "The Federal Rules of Evidence set a low bar for relevance." *United States v. Mackey*, 249 F. App'x 420, 426 (6th Cir. 2007) (quoting *Cambio Health Solutions, LLC v. Reardon*, 234 F. App'x 331, 338 (6th Cir. 2007)).  Relevant evidence is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence can be excluded under Rule 403 only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

"Rule 403 provides a balancing test for excluding relevant evidence. The test is strongly weighted toward admission. The trial judge may exclude relevant evidence only if 'its probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *Huddleston v. United States*, 485 U.S. 681 (1988) and Fed. R. Evid. 403).  "Federal Rule of Evidence 403 prohibits the admission of evidence if there is a danger of unfair prejudice, not mere prejudice." *Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998). "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative

3

force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). "The [balancing] test is strongly weighted towards admission" and "a litigant who makes a Rule 403 challenge faces a steep hill." *United States v. Householder*, 137 F.4th 454, 489 (6th Cir. 2025).

      The evidence of the financial payments between Shane Hall's law firm and the Defendant are plainly relevant to the alleged scheme – it is one of the allegations in the Indictment. DE 1: Indictment ¶ 14. The payments go directly to the relationship between the two men, particularly to the Defendant's intent and willfulness in putting Shane Hall on the PCAO payroll. Evidence of a Defendant's motive is plainly relevant. *United States v. Betro*, 115 F.4th 429, 450 (6th Cir. 2024) (evidence of defendant's spending was admissible because it was "relevant to his motive, and its relevance is not outweighed by a danger of unfair prejudice"); *United States v. Amr*, 132 F. App'x 632, 635 (6th Cir. 2005) ("[S]ince the evidence was relevant to establishing the Defendant's motive, the district court properly admitted the evidence pursuant to Rule 401."). Rule 401 does not present a legitimate basis to exclude an allegation in the Indictment, and, contrary to the Defendant's contention, he does not need to have been charged with a bribery or kickback offense for the payment evidence to be relevant to his fraudulent intent. *See also United States v. Pate*, 853 F. App'x 430, 435–36 (11th Cir. 2021) (evidence of large expenditures "was relevant to show Pate's motive for committing the fraud"); *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011) ("Motive is always relevant in a

4

criminal case, even if it is not an element of the crime. And with financial crimes, the more money, the more motive") (cleaned up and citations omitted).

Nor is the evidence subject to exclusion under Rule 403. The Defendant has not even articulated a basis on which the information would be unfairly prejudicial, let alone that it outweighs the probative value. DE 41: Motion *in Limine* #2 at 4. "Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996). The evidence will accurately reflect the arrangement between the Defendant and Shane Hall's law firm, subject to cross-examination, and will not confuse the issues or mislead the jury. *Amr*, 132 F. App'x at 635 ("[E]vidence of the high profit margin was prejudicial against the Defendant only in the sense that it was damaging to the Defendant's case, and not in that it suggested a decision to the jury on an improper basis.").

For the foregoing reasons, the United States respectfully asks that the Court deny the Defendant's motion *in limine* #2. The evidence of payments between the Defendant and Shane Hall go directly to the alleged scheme and the Defendant's motive to fraudulently employ a part-time county attorney.

                Respectfully submitted,

                PAUL C. MCCAFFREY
                ACTING UNITED STATES ATTORNEY

                By:   /s/ Kate K. Smith
                        Kate K. Smith

Assistant United States Attorney  
260 W. Vine Street, Suite 300  
Lexington, Kentucky 40507-1612  
(859) 685-4855  
FAX (859) 233-2747  
kate.smith@usdoj.gov  

## CERTIFICATE OF SERVICE

On October 31, 2025, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney