UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>HOWARD KEITH HALL,  )<br>)<br>Defendant.  )<br>)<br>) | Crim. No. 3:25-cr-00005-GFVT-MAS<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Howard Keith Hall's Second Motion *in Limine*. [R. 41.] For the following reasons, the Court denies Hall's motion.

**I**

Defendant Howard Keith Hall is the former County Attorney of Pike County, Kentucky. [R. 21-8 at 1.] Hall is a current Pike County Circuit Court Judge. *Id.* The United States charged Hall with two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of theft of government funds in violation of 18 U.S.C. § 666(a)(1)(A). [R. 1.] The charges stem from an alleged scheme in which Hall hired Attorney A[1] as an Assistant County Attorney and paid this attorney approximately $440,587 in state salary and benefits despite the attorney performing little to no work for the Pike County Attorney's Office ("PCAO"). *Id.* While Attorney A served as an Assistant County Attorney, Hall participated in the private practice of law at Attorney A's

---

[1] The Government refers to the attorney at issue as "Attorney A" throughout their briefing. Defendant Hall notes that Attorney A's identity is Michael Shane Hall, no relation to the Defendant. [R. 21-8 at 2.] To prevent confusion, this Memorandum Opinion will refer to Michael Shane Hall as "Attorney A."

law firm and received various payments described as "Distributions" totaling $505,900. *Id.* The United States alleges that Hall committed mail fraud by signing and mailing false payroll certifications indicating that Attorney A fulfilled his duties as a part time assistant county attorney despite doing no work. In anticipation of trial, Hall submitted this Second Motion *in Limine* and moves the Court to preclude the government from introducing any evidence, testimony, or argument concerning any 'distributions' that [Attorney A]'s law practice made to Judge Hall." [R. 41.]

**II**

Parties cannot admit irrelevant evidence. Fed. R. Evid. 402. Relevant evidence is admissible before federal courts. *Id.* Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevancy threshold is low, and "evidence is relevant if it 'advances the ball' one inch." *United States v. Lang,* 717 F. App'x 523, 538 (6th Cir. 2017) (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009)). The District Court may exclude otherwise relevant evidence if its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice is the "undue tendency to suggest a decision based on improper considerations." *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020). The trial court's discretion in balancing the probative value of evidence against its potential for unfair prejudice is very broad. *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).

Hall argues that the receipt of income from the private practice of law with Attorney A is not relevant to determining whether Hall is guilty of mail fraud and theft of government funds.

2

[R. 41 at 3.] Under Kentucky law, County Attorneys may engage in the private practice of law, and Assistant County Attorneys may do the same. Ky. Rev. Stat. § 15.765(4); Ky. Rev. Stat. § 15.770(3). Because this is not a "bribery" or "kickback scheme" case, Hall argues, any mention of Attorney A's distributions to Hall would represent "collateral facts that have no logical connection to the charged conduct." [R. 41 at 3.] Hall believes that the government "wants the jury to reach the false and prejudicial conclusion that the lawful distributions were nefarious." *Id.*

The proposed evidence of Hall receiving distributions — payments — from Attorney A is relevant because it makes it more probable that Hall would have motive or intent to falsely certify that Attorney A was working when he was not. *See United States v. Betro*, 115 F.4th 429, 449–50 (6th Cir. 2024) (where the Sixth Circuit upheld the trial judge's decision to admit evidence and testimony of a defendant's spending for the purpose of proving motive, even where the spending evidence had no direct relationship to the elements of the medical billing fraud statutes at issue). The submission and mailing of allegedly false payroll certifications form the foundation of the government's case against Hall. The government does not need to charge Hall with bribery. The government can suggest that the arrangement between Hall and Attorney A gave Hall an incentive to falsely certify that Attorney A was performing work for the Pike County Attorney's Office when he was not. This evidence advances the government's theory of the case "one inch," exceeding the threshold for relevancy.[2]

---

[2] *Contra United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) (where Sixth Circuit ruled that the defendant's racial and misogynist statements were not relevant because they failed to meet the lenient 'step on the evidentiary route' standard. The Court found that there was 'no route' where the recordings made it more likely that Hazelwood committed the fraud, at issue.).

In analyzing the undue prejudice balancing analysis, the Court finds that the specter of undue prejudice is low. It is unlikely that references to "distributions" from Attorney A's law firm will cause the jury to reach "the false and prejudicial conclusion that the lawful distributions were nefarious." [R. 41.] On one hand of the balancing test, Hall believes that the jury could take the "distributions" evidence to mean that Hall was receiving bribes or otherwise acting inappropriately with Attorney A. On the other hand, the government could use them for reasons that have nothing to do with "bribery" or "kickback scheme[s]" as Hall fears. For instance, the government could introduce the evidence to support a contention that Hall had a motive to continue falsifying the work certifications without relying on any kind of bribery theory.[3] The government could use the evidence to lay the foundation for how and why Attorney A found himself working as an assistant county attorney under the supervision of Hall.

Nothing here tips the scales in favor of exclusion. This is particularly true where the defendant points out, correctly, that the Kentucky Revised Statutes do not prohibit the private practice of law for county attorneys or assistant county attorneys. The Court finds it difficult to imagine that the jury would find a "criminal inference" from evidence or testimony that Hall received legal payment for his private practice of law. The evidence is relevant to the government's theory of the case and is not unduly prejudicial under the Rule 403 balancing test. The Court advises Hall that effective communication during opening argument and witness questioning can accomplish what he sought in this motion *in limine*; namely, adding context and nuance to the business relationship between Attorney A and Defendant Hall.

---

[3] In other words, "bribery" is not necessary for the government to suggest that Hall would have a motive to falsify the certifications. Attorney A need not have *bribed* Hall into giving him the assistant county attorney job. Instead, Hall could have been "helping out" a friend with whom he practiced law.

4

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Hall's Second Motion *in Limine* **[R. 41]** is **DENIED**.

This the 30th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge